Donald YOFFE, Plaintiff-Appellant,

v.

KELLER INDUSTRIES, INC.,
Defendants-Appellees.

No. 76-2288.

United States Court of Appeals,
Fifth Circuit.

Oct. 27, 1978.

Lipkin, Stutzman, Marshall & Bohorad, Pottsville, Pa., Marc Cooper, Robyn Greene, Miami, Fla., for plaintiff-appellant.

Robert Orseck, Joel D. Eaton, Richard E. Reckson, Miami, Fla., for defendants-appellees.

## ON PETITION FOR REHEARING

Before BROWN, Chief Judge, THORNBERRY and CLARK, Circuit Judges.

### PER CURIAM:

Donald Yoffe attempted to appeal an order granting his motion for a voluntary dismissal without prejudice under F.R. Civ.P. 41(a)(2) on the condition that he pay defendants over $44,000 in costs, expenses, and reasonable attorneys' fees. The Court dismissed the appeal, 580 F.2d 126 (1978), holding under the authority of *LeCompte v. Mr. Chip, Inc.,* 5 Cir., 1976, 528 F.2d 601, that the condition set by the District Court was not so unreasonable as to constitute legal prejudice and that Yoffe therefore could not appeal the dismissal order.

We made clear that a plaintiff in Yoffe's position has several options. See 580 F.2d at 131 n. 13. He can of course accept the dismissal with its conditions, in which case the defendants have an enforceable judgment which they can execute. If, however, the plaintiff feels the conditions are too high a price for voluntary dismissal

without prejudice, he can either (a) "decline to dismiss, decline to pay, and take his chances on a trial," *id.,* or (b) "accept the dismissal and decline to pay," *id.,* in which case the District Court may then dismiss the action with prejudice and, if it does, the plaintiff may appeal the dismissal since it operates as a determination of the merits.

Yoffe now contends that option (a) is not available to him because, he claims, the District Court entered a "final judgment" ordering him to pay $44,000 to the defendants. Yoffe has therefore filed a petition for rehearing requesting this panel to vacate the "final judgment" and direct the District Court to give him the option of refusing to pay the $44,000 and continuing with the case. In effect, Yoffe is insisting that under this Court's formulation of the options that were available to him in the District Court, he is entitled as of right to withdraw his motion for voluntary dismissal.

This argument ignores several things. First is the fact that Yoffe alone is responsible for whatever predicament he finds himself in. It was he who filed this federal suit in Florida and then, after having joined as a party plaintiff a related state suit in Pennsylvania against the same defendants and after having obtained the benefits of discovery in the federal courts, moved to dismiss the federal suit without prejudice on the eve of trial. And, after the District Court imposed conditions upon such a dismissal in order to compensate the defendants for the expenses incurred in the soon-to-be abandoned federal litigation, it was Yoffe who then failed either to withdraw his motion for voluntary dismissal or to seek reconsideration of the conditions placed upon that dismissal,[1] but rather treated the District Court's order as one subject to review and took a futile appeal to this Court. Second, and more significant, is the fact that in the 30 months since entry of that order much water has gone over the

---

1. Yoffe could, for example, have moved the District Court to amend or alter its judgment under either Rule 52(b) or Rule 59(e).

dam. There is the distinct possibility, which we are in no position to evaluate, that circumstances have changed so as to affect adversely the ability of the Florida defendants to now litigate the case on its merits if it is resuscitated by this belated demand that all the clocks be turned back to the time the move to dismiss voluntarily was misguidedly initiated. To this must be added costs, expenses, and counsel fees incurred in the hearing on the conditions to be fixed[2] and in the abortive from that order.

■ Our opinion does not forbid application to the District Court to withdraw the motion and in effect to revive the Florida case. But all must recognize that the District Court has power to impose reasonable conditions on this extraordinary relief. Certainly it need not ignore the fact that Yoffe, as a consequence of his motion to dismiss, has subjected the defendants to the additional expenses of an evidentiary hearing and an improper appeal to this Court. The rationale for conditioning a voluntary dismissal without prejudice upon payment of defendants' costs and expenses is to "prevent defendants from being unfairly affected by such dismissal." *LeCompte, supra,* 528 F.2d at 604. The same rationale supports the authority of the District Court to impose conditions upon the continuance of a suit in which the plaintiff has moved for a voluntary dismissal under Rule 41(a)(2) and, after having forced the defendant to incur substantial expenses in connection with that motion, has elected not to accept the dismissal because the price is too high.

The petition for rehearing of this appeal is hereby DENIED.

---

**2.** When Yoffe first moved for a Rule 41(a)(2) dismissal on the eve of trial, the District Court granted the motion but ordered an evidentiary hearing for the purpose of considering and fixing the costs, expenses, and attorneys' fees the defendants had incurred in defending the case up to the motion to dismiss voluntarily. When, after that evidentiary hearing, the District

Court determined that those expenses and fees totaled $44,000, it did not include any costs, expenses, or attorneys' fees incurred in connection with the hearing itself. ·