Stanley D. HERRING and Carla Herring, Appellants,

v.

CITY OF WHITEHALL, City of Pine Bluff, Jefferson County, Bobby Young, Police Officer Whitehall, Gary Young, Jefferson County Sheriff Deputy, Randy Gurley, Whitehall Police Officer, William Friedhoff, Pine Bluff Police Officer, John Doe, Pine Bluff Officer in Charge of Citizens Uniform Complaints, all in their individual and official capacities, Appellees.

No. 85–1876.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 11, 1986.

Decided Oct. 31, 1986.

Richard Quiggle, Little Rock, Ark., for appellants.

Robert Tolson, Jr., Pine Bluff, Ark., for appellees.

Before HEANEY, Circuit Judge, HEN-LEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

PER CURIAM.

Plaintiffs, Stanley D. Herring and Carla Herring, appeal from the district court's dismissal, with prejudice, of their action. The district court entered the dismissal with prejudice because appellants failed to comply with the provisions of an earlier order dismissing the case without prejudice. We reverse and remand.

In their complaint appellants allege that Mr. Herring's constitutional rights were violated by defendants' use of excessive and unreasonable force incident to Mr. Herring's arrest on July 17, 1980. Plaintiffs hired attorney Richard Hobbs to represent them. A complaint was filed on July 16, 1981. By order of the court dated December 28, 1983 a discovery deadline of February 23, 1984 was set and a trial date of April 23, 1984 was given. On February 12, 1984 Mr. Hobbs' partner, Louis J. Longinotti, III, died. While Mr. Longinotti appears not to have been actively handling this case, his death resulted in an increased workload for Mr. Hobbs. On Thursday, April 19, the district court received from Mr. Hobbs a motion for the continuance of the Monday, April 23, trial date. The motion was denied and Mr. Hobbs was so notified on April 19.

The appellants were personally prepared to be present at trial on the scheduled date. Mr. Hobbs, however, informed them that he was going to get the case continued or that it was continued and that they should not appear for trial on April 23. Appellees appeared on April 23 prepared to go to trial. Appellees had arranged for the presence of their witnesses, including out-of-state witnesses. Hobbs again moved the court for a continuance because he was unprepared to proceed to trial. The district court denied his motion and Mr. Hobbs stated that he would have to take a non-

suit. The motion was granted subject to the following conditions:

> That this action is dismissed without prejudice on motion of plaintiffs, upon the condition that Mr. Hobbs, plaintiffs' counsel, shall, if this action is refiled, pay to the defendants and their attorneys all costs, including witness fees, transportation costs and a reasonable attorneys' fee to be determined by the Court upon refiling. In the event that plaintiffs refile this action and Mr. Hobbs is not counsel of record, then plaintiffs will have to pay these costs and fees.

In March of 1985 appellants contacted the law firm of Richard Quiggle, P.A., to represent them in their claim against the appellees. On March 15, 1985 a new complaint was filed. Appellees thereafter moved the district court to dismiss the complaint because appellants had not paid the costs and fees as required by the previous order. The district court rejected appellants' argument that Mr. Hobbs should be solely liable for any costs and fees imposed, and on May 3, 1985 ordered that appellants pay to appellees $1,600.00 costs and fees.[1] If the costs and fees were not paid by June 5, the district court's order directed that the case be dismissed with prejudice. Appellants moved the district court for reconsideration stating that because of their financial condition they were unable to pay the $1,600.00.[2] The district court found appellants' motion for reconsideration to be without merit and on June 24, 1985 their complaint was dismissed with prejudice. This appeal followed.

The imposition of costs and fees as a precondition to appellants' refiling their complaint is authorized by the Rules of Civil Procedure. Fed.R.Civ.P. 41(a)(2) and (d). While there may be some due process consideration where the attorney (rather than the client) is ordered to pay the costs, *see* Comment, *Financial Penalties Imposed Directly Against Attorneys in Litigation Without Resort to the Contempt Power*, 26 UCLA L.Rev. 855, 890 (1979) (hereinafter *Financial Penalties* ), the trial courts have generally been recognized to have the power to impose costs against the offending attorney. *Flaksa v. Little River Marine Construction Co.*, 389 F.2d 885, 888–89 (5th Cir.), *cert. denied*, 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387 (1968); *see also* Annotation, *Authority of Trial Judge to Impose Costs or Other Sanctions Against Attorney Who Fails to Appear at, or Proceed With, Scheduled Trial*, 29 A.L.R.4th 160 (1984). Because appellants have obtained new counsel they are now personally obligated to pay the $1,600.00 under the terms of the district court's order. Appellants contend that the district court erred in imposing any financial burden on them personally because they were as much the victims of Mr. Hobbs' unpreparedness as were the appellees.

■ Motions under Rule 41(a)(2) to dismiss without prejudice are addressed to the sound discretion of the district courts. *Kern v. TXO Production Corp.*, 738 F.2d 968, 970 (8th Cir.1984). This court will modify the conditions attached to the granting of such a motion only if the district court abused its discretion. *See id.* at 971–72.

The starting point in any case where the sins of an attorney are visited upon his client is *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (4–3 decision). In *Link* the plaintiff's action was dismissed with prejudice after his attorney failed to appear at a

---

**1.** The district court reduced the amount from $6,494.50 reasoning that only the duplicative costs and fees if the case was again brought to trial should be borne by appellants or their attorney.

**2.** Appellees suggest that appellants should have taken their appeal from the initial order of dismissal because the effect of that order, since they were unable to pay, was a dismissal with prejudice. *See LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 603 (5th Cir.1976). By the mere fact that appellants *may* have been able to secure appellate review of what appears to be, on its face, a non-final order, it does not follow that this court cannot now review what is undoubtedly a final judgment. Indeed, the procedure followed by appellants is correct. *See Yoffe v. Keller Industries, Inc.*, 582 F.2d 982, 983 (5th Cir.1978), *cert. denied*, 440 U.S. 915, 99 S.Ct. 1231, 59 L.Ed.2d 464 (1979).

pretrial conference. In affirming the dismissal the Supreme Court noted:

> There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent.

*Link,* 370 U.S. at 633–34, 82 S.Ct. at 1390. The Supreme Court suggests that the client's remedy is against the attorney in a suit for malpractice. *Id.* at 634 n. 10, 82 S.Ct. at 1390 n. 10.[3] *Link* has been distinguished on the basis that the dismissal there was only approved after a course of protracted neglect, *Butler v. Pearson,* 636 F.2d 526, 529 (D.C.Cir.1980), thus raising the inference that some of the fault was attributable to the client. The potential harm from the indiscriminate application of *Link* to cases involving attorney rather than client neglect was aptly stated in *Jackson v. Washington Monthly Co.,* 569 F.2d 119 (D.C.Cir.1977):

> Trial court dismissal of a lawsuit never heard on its merits is a drastic step, normally to be taken only after unfruitful resort to lesser sanctions. And while appellate review is limited by the binding authority of *Link* to whether judicial discretion has been abused, a sound discretion hardly comprehends a pointless exaction of retribution. Dismissals for misconduct attributable to lawyers and in no wise to their clients invariably penalize the innocent and may let the guilty off scot-free. That curious treatment strikes us as both anomalous and self-defeating. When the client has not personally misbehaved and his opponent in the litigation has not been harmed, the interests of justice are better served by an

exercise of discretion in favor of appropriate action against the lawyer as the medium for vindication of the judicial process and protection of the citizenry from future imposition. Public confidence in the legal system is not enhanced when one component punishes blameless litigants for the misdoings of another component of the system; to laymen unfamiliar with the fundamentals of agency law, that can only convey the erroneous impression that lawyers protect other lawyers at the expense of everyone else.

*Id.* at 123–24 (footnotes omitted). The Eighth Circuit has also repudiated the imposition of such unjust sanctions upon an innocent client. *Moore v. St. Louis Music Supply Co.,* 539 F.2d 1191, 1194 (8th Cir. 1976) ("[T]he attorney inexcusably caused available court time to go unused when such court time was badly needed to meet the court's caseload. For this he may properly be subject to discipline, but it does not follow in this case that his client should be the one to feel the lash.").

 The district court did not dismiss with prejudice appellants' action in the first instance. Rather, the district court assessed against appellants' attorney, Mr. Hobbs, those costs which appellees suffered as a result of the nonsuit which would have to be duplicated should the case subsequently go to trial. We find no abuse of discretion in this portion of the district court's order.[4] It is the second portion of the court's order, "In the event that plaintiffs refile this action and Mr. Hobbs is not counsel of record, the plaintiffs will have to pay these costs and fees," that we find troublesome. Appellants were placed in a dilemma. On the one hand, appellants could continue to allow Mr. Hobbs to represent them and avoid having to pay the $1,600.00 costs and fees. Mr. Hobbs, however, now had a genuine inter-

---

**3.** A suit for malpractice is a highly unsatisfactory remedy. In *Link* the Court found the imposition of such a drastic sanction appropriate to further the goals of relieving calendar congestion and preventing undue delay. *Link,* 370 U.S. at 630–31, 82 S.Ct. at 1388–89. The possibility of a malpractice action frustrates both those goals. Further, the client may be at a severe disadvantage in any subsequent malprac-

tice action because of the prior attorney-client relationship. *Financial Penalties, supra,* at 866–68.

**4.** In fact, this court has found it to be an abuse of discretion for the district court to refuse to impose conditions on a Rule 41(a)(2) dismissal. *Kern,* 738 F.2d at 972.

est in continuing his neglectful and dilatory management of the suit in the hope that the case never would be refiled, thus relieving him of the obligation to pay the $1,600.00. On the other hand, appellants could seek new counsel in hopes of having the case heard on the merits. Under the district court's order, however, this second option was tantamount to a dismissal with prejudice if appellants are financially unable to pay the costs and fees. Such a choice is repugnant to our system of justice.[5] "If the fault lies with the attorneys, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." *In re Baker,* 744 F.2d 1438, 1442 (10th Cir.1984) (en banc), *cert. denied,* 471 U.S. 1014, 105 S.Ct. 2016, 85 L.Ed.2d 299 (1985). One may speculate that the district court placed the burden of paying costs upon appellants if they obtained new counsel in order to prevent appellants and their attorney Hobbs from escaping the sanction by the simple device of filing with new counsel. But that order infringes upon appellants' decision to seek adequate legal representation after they became aware of their former attorney's neglect.[6] Even if Mr. Hobbs is no longer counsel of record, the district court still possesses the authority to enforce its order against him. "The power of a court over members of its bar is at least as great as its authority over litigants. If a court may tax counsel fees against a party ... it certainly may assess those expenses against counsel...." *Roadway Express,*

Inc. v. Piper, 447 U.S. 752, 766, 100 S.Ct. 2455, 2464, 65 L.Ed.2d 488 (1980) (footnote omitted). In the imposition of costs and fees against an attorney, however, regard should be given to the due process requirements of notice and hearing. *Id.* at 767, 100 S.Ct. at 2464; *Financial Penalties, supra,* at 890–92.

■ We are also concerned with the district court's failure to inquire into appellants' financial ability to pay the costs and fees. Appellants affirmatively alleged that they were unable to make the payment. When imposing conditions for a Rule 41 nonsuit, the district court must inquire into the moving party's ability to perform the conditions, particularly when the party alleges he cannot satisfy the conditions. In some circumstances, failure to do so may be an abuse of discretion. *Hornbuckle v. Arco Oil & Gas Co.,* 732 F.2d 1233, 1237 (5th Cir.1984), *aff'd on appeal after remand,* 770 F.2d 1321 (5th Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 1198, 89 L.Ed.2d 312 (1986). If the party is not capable of performing the conditions, the district court should then consider other sanctions. The ultimate sanction of dismissal with prejudice should only be used when lesser sanctions prove futile. *Id.* Accordingly, we find that the district court abused its discretion.[7]

The district court's judgment is vacated and the cause is remanded with directions to reinstate the case to its status as of the time the final decree was entered. On remand the district court is free to exercise its discretion for the imposition of costs

---

5. "[H]ad the trial judge here, instead of putting an end to plaintiff's substantial cause of action, simply imposed a fine of several thousand dollars upon the plaintiff because of his lawyer's neglect, I cannot doubt that this Court would unanimously reverse such an unjust penalty." *Link,* 370 U.S. at 646, 82 S.Ct. at 1397 (Black, J., dissenting).

6. We do not imply that dismissal with prejudice is never appropriate in situations where the attorney and not the client is at fault. There may be situations in which the opposing side is so harmed that dismissal with prejudice is the only appropriate sanction. This is not such a case. The district court concluded that a payment of costs and fees was sufficient to redress the harm to appellees.

7. On remand the district court should consider whether Mr. Hobbs alone should bear the costs caused by his dilatory conduct. Should the district court find that appellants share in their former attorney's culpability, full consideration should be given to their ability to pay any sanction imposed. In the event that the district court finds that appellants should be personally responsible for the costs and fees, but appellants are financially unable to make advance payment, the district court may not dismiss the case outright. In such circumstances the district court must consider alternative sanctions. One alternative is to allow appellants to proceed to trial and any sanction may be reduced to a judgment against them at the close of trial. This may place some burden on the innocent

and fees or any other conditions available under Rule 41 and generally to proceed in a manner not inconsistent with this opinion.

Reversed and remanded.

appellees, but this is a hazard for any defendant who is sued by an impecunious plaintiff. Finally, we note that the district court was very generous in reducing the costs and fees to $1,600.00. The district court apparently only assessed duplicative attorney's fees and did not include the witnesses' travel costs and daily fees. Should appellants choose to pursue the litigation on remand the district court is free to reconsider this amount so as to take into account other duplicative expenses, if any there be.