RADIANT TECHNOLOGY
CORPORATION,
Plaintiff,

v.

ELECTROVERT USA
CORPORATION, Defendant.

AMWC, INC., d/b/a American
Wholesale Club, Plaintiff,

v.

WAL–MART STORES, INC., Defendant.

Civ. A. Nos. CA3–88–0323–D,
CA3–88–1432–D.

United States District Court,
N.D. Texas,
Dallas Division.

Oct. 19, 1988.

Charles L. Babcock and J. Thomas Scott of Jackson & Walker, Dallas, Tex., and LeRoy T. Rahn of Christie, Parker & Hale, Pasadena, Cal., for Radiant Technology Corp.

Warren B. Kice and Stacy L. Brainin of Haynes & Boone, Dallas, Tex., and Gordon D. Coplein and Peter C. Schechter of Darby & Darby, New York City, for Electrovert USA Corp.

Samuel L. Boyd, Eric G. Olsen, and Priscilla E. Perry of Boyd & Adams, Dallas, Tex., for AMWC, Inc.

Frank Finn, David R. McAtee, Bruce S. Sostek, Madeleine B. Johnson, and Stephen W. Kotara of Thompson & Knight, Dallas, Tex., for Wal–Mart Stores, Inc.

## MEMORANDUM OPINION AND ORDER

FITZWATER, District Judge.

The plaintiffs in these unrelated cases move to dismiss the actions pursuant to Fed.R.Civ.P. 41(a)(2). The court considers the cases together, adopting non-exclusive factors that will guide the court's determination of Rule 41(a)(2) motions. Applying the factors to the present cases, the court conditionally grants the motions.[1]

### I.

In *Radiant Technology Corp.* the plaintiff, Radiant Technology Corporation ("RTC"), has sued the defendant, Electrovert USA Corporation ("Electrovert"), for patent infringement. There is also pending between the parties, in the Central District of California, a subsequently filed action that is virtually identical to the present action. RTC is also the plaintiff in the California case. RTC moves for a voluntary dismissal without prejudice, contending that little activity has transpired in the present case and that Electrovert will suffer no legal prejudice if this action is dismissed. Electrovert responds that dismissal will cause it prejudice, that RTC has not been diligent in prosecuting the case, and that, should the court dismiss the case, Electrovert should be reimbursed reasonable costs and attorney's fees.

In *AMWC, Inc.*, the plaintiff, AMWC, Inc. ("AMWC"), has sued the defendant, Wal-Mart Stores, Inc. ("Wal-Mart"), for violations of the Sherman Anti-Trust Act and Robinson-Patman Act, slander, and unfair competition and disparagement. AMWC moves for a voluntary dismissal without prejudice, contending that it no longer desires to pursue the federal claims and that,

because Wal-Mart does not present its own claims for relief, Wal-Mart will not be prejudiced by the dismissal. AMWC has changed counsel since filing suit and now desires to litigate this action in state court. Wal-Mart opposes dismissal, arguing that it was precluded from filing a counterclaim against AMWC due to the automatic stay that took effect when AMWC filed for bankruptcy protection. Wal-Mart also asserts that dismissal will cause it other prejudice and that it will remove to this court any subsequently filed state court action.

### II.

#### A.

Rule 41(a)(2)[2] provides that, except as permitted by Rule 41(a)(1), a district court shall not dismiss an action at the plaintiff's instance "save upon order of the court and upon such terms and conditions as the court deems proper." *Id.; Schwarz v. Folloder,* 767 F.2d 125, 129 (5th Cir.1985). "The basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced." *LeCompte v. Mr. Chip, Inc.,* 528 F.2d 601, 604 (5th Cir.1976). "Allowing the court to attach conditions to the order of dismissal prevents defendants from being unfairly affected by such dismissal." *Id.*

The decision to dismiss an action rests within the sound discretion of the district court. *Schwarz,* 767 F.2d at 129 (citing *La-Tex Supply Co. v. Fruehauf Trailer Division, Fruehauf Corp.,* 444 F.2d 1366, 1368 (5th Cir.), *cert. denied,* 404 U.S. 942, 92 S.Ct. 287, 30 L.Ed.2d 256 (1971)). "In determining whether to grant a dismissal, the principal consideration is whether the

---

**1.** The court has today filed an order permitting the defendant in *AMWC, Inc.* to file a counterclaim that the defendant was heretofore precluded from filing. The conditional order of dismissal will not preclude defendant from prosecuting its counterclaim in this court. *See* Rule 41(a)(2).

**2.** Rule 41(a)(2):

Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon

order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

dismissal would prejudice the defendant. If a dismissal would unfairly prejudice the defendant, then the plaintiff's motion to dismiss should be denied." *Id.* "When considering a dismissal without prejudice, the court should keep in mind the interests of the defendant, for it is his position which should be protected." *LeCompte,* 528 F.2d at 604. The defendant must demonstrate that the dismissal will cause "some plain legal prejudice other than the mere prospect of a second law suit." *Durham v. Florida East Coast Railway Co.,* 385 F.2d 366, 368 (5th Cir.1967) (emphasis deleted). It is no bar to dismissal that plaintiff may gain some tactical advantage thereby. *Id.*

The courts have considered a number of factors to determine whether dismissal will result in prejudice to a defendant; no one set appears to have been adopted in this or any other circuit. The Seventh Circuit has held that the enumeration of pertinent considerations "is not equivalent to a mandate that each and every such factor be resolved in favor of the moving party before dismissal is appropriate." *Tyco Laboratories, Inc. v. Koppers Co., Inc.,* 627 F.2d 54, 56 (7th Cir.1980) (per curiam). Such factors are simply a guide for the district court. *Id.* Nevertheless, the articulation and adoption of appropriate non-exclusive guidelines not only can assist the district court in exercising informed discretion, it can also enhance predictability in decision-making. This, in turn, may promote the mutual resolution of such dismissals without the need for judicial intervention.[3]

■ The court adopts first the guideline that outright denial of a motion to dismiss should be reserved only for those cases where the defendant demonstrates: (1) that dismissal will preclude the court from deciding a pending case or claim-dispositive motion; or (2) that there is an objectively reasonable basis for requesting that the merits of the action be resolved in this forum in order to avoid legal prejudice.[4] This threshold consideration is consonant with the rule, most recently reiterated in *Schwarz,* 767 F.2d at 129, that a plaintiff's motion to dismiss should be denied if dismissal "would unfairly prejudice the defendant." It also takes into account that an overburdened justice system should not compel a plaintiff unwillingly to prosecute an action when other remedial relief can be fashioned, short of requiring that a lawsuit remain pending.

■ Outright dismissal should be refused, however, when a plaintiff seeks to circumvent an expected adverse result. *See, e.g., Williams v. Ford Motor Credit*

---

3. It may also assist the court in articulating why it has exercised its discretion in a particular way, as required by the Fifth Circuit. *See LeCompte v. Mr. Chip, Inc.,* 528 F.2d 601, 605 (5th Cir.1976) (record must reflect reasons for exercising discretion in the manner followed); *see also Taragan v. Eli Lilly & Co., Inc.,* 838 F.2d 1337, 1339 (D.C.Cir.1988) (same).

4. Rule 41(a)(2) states that an action *"shall not* be dismissed ... save ... upon such terms and conditions as the court deems proper." *Id.* (Emphasis added). The Rule can reasonably be read to deprive the district court of authority to dismiss an action on terms and conditions that will not or cannot be fulfilled by the plaintiff. The Fifth Circuit has indicated, however, that this language does not preclude a district court from dismissing an action when a plaintiff affirmatively opts not to fulfill the terms and conditions that the court has found to be appropriate. In *Yoffe v. Keller Industries, Inc.,* 580 F.2d 126 (5th Cir.1978), *cert. denied,* 440 U.S. 915, 99 S.Ct. 1231, 59 L.Ed.2d 464 (1979), the question presented was whether a plaintiff whose Rule 41(a)(2) motion had been granted upon the condition that he pay attorney's fees and costs in the sum of $44,523.20 had been "legally harmed" so that he could appeal the dismissal order. *Id.* at 127. The court dismissed the appeal, holding that the plaintiff had not shown the district court's decision to be "so outrageous as to demand a full appellate review." *Id.* at 131. In a footnote to the opinion, *id.* at 131 n. 13, and in the opinion denying panel rehearing, 582 F.2d 982, 983, the *Yoffe* court held that if a plaintiff accepts the dismissal with its conditions, the defendants have an enforceable judgment which they can execute. 580 F.2d at 131 n. 13; 582 F.2d at 983. The court also observed that a plaintiff has the option to accept dismissal and decline to pay the conditions for dismissal. *Id.* These holdings infer that Rule 41(a)(2) should not be read to preclude dismissal where the terms and conditions will not be fulfilled. Moreover, if Rule 41(a)(2) is read to permit dismissal where the plaintiff has opted not to satisfy the conditions imposed by the district court, there appears to be no principled basis for declining to permit dismissal where the plaintiff accepts dismissal but cannot comply with the conditions imposed.

*Co.,* 627 F.2d 158, 160 (8th Cir.1980) (*cited in Schwarz,* 767 F.2d at 129) (district court abused discretion by granting dismissal at end of trial following motion for judgment n.o.v.); *see also Spencer v. Moore Business Forms, Inc.,* 87 F.R.D. 118, 122 (N.D. Ga.1980) (denying motion following granting of summary judgment as to one defendant and partial summary judgments as to other defendants). In such an instance the defendant is legally prejudiced because it is unable to obtain a determination—or at least an earlier determination—of the merits of plaintiff's claims.

Dismissal should also be refused where, even absent a pending merits motion, the defendant possesses an objectively reasonable basis for requesting a merits resolution in this forum in order to avoid legal prejudice. The nature of a plaintiff's claims may be such that, if the defendant is not afforded the opportunity for vindication on the merits in this forum, it will incur legal prejudice. This may be so due to the public profile of the defendant, the potential for parallel litigation, or the character of the allegations of plaintiff's complaint.

Absent one of the foregoing factors, courts should not require that a plaintiff continue to prosecute an action that it no longer desires to pursue. *See LeCompte,* 528 F.2d at 604 ("Nevertheless, in most cases a dismissal should be granted unless the defendant will suffer some legal harm."). Instead, the court should permit dismissal after imposing any conditions necessary to eliminate harm to the defendant. *See id.* at 604–05 ("the district court should impose only those conditions which will alleviate the harm caused to the defendant"). These terms will vary, of course, depending upon the circumstances of a particular case and the variety of factors found to be pertinent.

■ Two factors which appear regularly to be considered, and which the court deems pertinent to the exercise of its own discretion, are the defendant's effort and expense in preparing for trial and whether there have been excessive delays or a lack of diligence on the part of the plaintiff in prosecuting the case.[5]

The first factor includes an evaluation of the amount of discovery and the extent to which various pretrial motions have been filed. *See Pace v. Southern Express Co.,* 409 F.2d 331, 334 (7th Cir.1969). A district court may reasonably impose attorney's fees and costs as a condition for dismissal where, at plaintiff's instance, the litigation will not result in a merits resolution. If it appears that the plaintiff intends to refile the action in another forum, or that a similar action is pending before a different court, and that discovery and other pretrial legal services will translate to the second proceeding, the court may adjust the fees and expenses accordingly.

The second factor includes a determination whether there have been excessive delays or a lack of diligence on the part of the plaintiff in prosecuting the case. *See* 5 J. Moore, W. Taggart & J. Wicker, Moore's Federal Practice ¶ 41.05[1] (2d ed. 1968). This factor incorporates an assessment whether the defendant has been harmed by the delay and whether the defendant has been prejudiced by the uncertainty of pending litigation. In fashioning an appropriate remedy for this kind of injury, the court may impose non-monetary, as well as monetary, relief calculated to eliminate any harm from the delay or uncertainty of litigation.

---

5. Other courts, including the Third, Seventh, and Eighth Circuits, have evaluated the sufficiency of plaintiff's explanation for its proposed dismissal. *See Ferguson v. Eakle,* 492 F.2d 26, 29 (3d Cir.1974); *Pace v. Southern Express Co.,* 409 F.2d 331, 334 (7th Cir.1969); *Paulucci v. City of Duluth,* 826 F.2d 780, 783 (8th Cir.1987). This factor would inquire whether the dismissal procedure is being used as a tool for vexatious litigation. This court has not adopted this standard, however, for two reasons. First, the defendant has the burden of demonstrating legal prejudice and it is unclear how a defendant can effectively challenge a plaintiff's facially valid explanation without engendering mini-litigation regarding the plaintiff's animus for seeking dismissal. Second, Fed.R.Civ.P. 11, rather than Rule 41(a)(2), affords the more appropriate remedy to combat vexatious litigation.

## B.

The court now evaluates the pending dismissal motions in light of the foregoing guidelines.

### –1–

■ In *Radiant Technology Corp.*, Electrovert provides the court no basis for denying dismissal. First, Electrovert has filed no substantive motions that might lead to a total or partial merits resolution. RTC is not attempting to avoid an adverse merits determination by moving for voluntary dismissal. Second, Electrovert does not demonstrate an objectively reasonable basis for requesting that the merits of this dispute be resolved in this forum. The parties will continue to litigate in California.

Electrovert contends that a substantial amount of effort and expense has been expended for trial preparation.[6] The court recognizes that fees and costs have been incurred in defending this suit. The court can and will condition dismissal upon the payment of the appropriate fees and costs. Due to the similarity between the present action and the one pending in California, much of Electrovert's pretrial expenditures may be directly usable in California. The court will not order reimbursement for work that need not be duplicated or abandoned. All other costs of court and reasonable attorney's fees, however, are charged to RTC as a condition of dismissal. *See GAF Corp. v. Transamerica Insurance Co.*, 665 F.2d 364, 367 (D.C.Cir.1981).

### –2–

■ In *AMWC, Inc.*, Wal–Mart has satisfied neither of the two factors for denying dismissal outright; that is, it has demonstrated neither the pendency of a potentially dispositive motion nor an objectively reasonable basis for desiring that the merits of AMWC's action be resolved in this forum.[7]

AMWC indicates that it desires to dismiss this case in order to pursue an action against Wal–Mart in Texas state court. The appropriate condition for dismissal, as in *Radiant Technology Corp.*, is to require that AMWC pay the attorney's fees and costs incurred by Wal–Mart that will not translate to the state court action.

## III.

RTC's motion to dismiss is granted on the condition that it pay to Electrovert its attorney's fees and costs of court that are not directly usable in the California action. AMWC's motion is granted on the condition that it pay to Wal–Mart its attorney's fees and costs of court that will not transfer to the planned state court action. If the parties can agree to the appropriate amount they may so inform the court and the court will enter a conditional order of dismissal. If the parties cannot so agree, plaintiffs shall submit their respective affidavits and defendants may submit opposing affidavits and/or memoranda if they do so within ten days thereafter.

After the parties agree to or the court calculates the appropriate fees and costs to be paid by RTC and AMWC, the plaintiffs have four options: First, they can accept the dismissal with its condition, in which case the defendants have enforceable judgments which they can execute. *Yoffe v. Keller Industries, Inc.*, 582 F.2d 982, 983 (5th Cir.1978) (per curiam) (opinion denying panel rehearing), *cert. denied,* 440 U.S. 915, 99 S.Ct. 1231, 59 L.Ed.2d 464 (1979). Second, they can decline to dismiss, decline to pay, and "take [their] chances on a trial." *Id.* Third, they can accept the dismissal and decline to pay, in which case this court may dismiss their actions with prejudice. *Id.* Fourth, they can withdraw their

---

6. Electrovert also avers that plaintiff has not been diligent in proceeding with the litigation, that the delay caused by dismissal of the case will unfairly prejudice it, and that it is currently suffering irreparable harm to its business reputation and to its ability to sell its products to the trade as a result of the pending litigation. Because a virtually identical action between the parties is pending in California and will continue to pend following the dismissal of this action, the court concludes that these considerations do not warrant imposing additional conditions for dismissal.

7. Wal–Mart has demonstrated that it should be permitted to prosecute a counterclaim in this forum. Regardless whether AMWC dismisses its action, Wal–Mart's counterclaim will continue in this court.

motions.[8] *Id.* at 983–84. Accordingly, within ten days of the date either that the parties inform the court that they have agreed to the appropriate fees and costs or that the court files its conditional awards, each plaintiff shall inform the court of the option it has elected. The court will then proceed accordingly.

The motions to dismiss are granted on the condition stated.

SO ORDERED.

8. If a plaintiff moves to withdraw its motion, the district court has the authority "to impose conditions upon the continuance of a suit in which the plaintiff has moved for a voluntary dismissal under Rule 41(a)(2) and, after having forced the defendant to incur substantial expenses in connection with that motion, has elected not to accept the dismissal because the price is too high." *Yoffe,* 582 F.2d at 984.