966 F.2d 1459
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Jim SHOURD, Appellant,
v.
CASE POWER & EQUIPMENT COMPANY, Appellee.
 No. 91-3492EA.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 28, 1992.
Filed: June 9, 1992.
 
 Before JOHN R. GIBSON, FAGG, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Jim Shourd appeals from the district court's judgment in favor of Case Power & Equipment Company (Case) in this diversity action for conversion. We affirm.
 
 
 2
 In September 1988, Shourd, an Arkansas citizen, purchased a Poclain model 400 excavator (Poclain 400) for $76,500, a Poclain model 1000 excavator (Poclain 1000) for $86,500, and other spare parts from Case, a foreign manufacturer and distributor of agricultural and construction equipment doing business in Arkansas. Shourd made a down payment, but did not take delivery of the equipment. After Shourd failed to pay the balance, Shourd and Case renegotiated their contract in December 1989. Shourd failed to make the first payment under the second contract, and Case resold the Poclain 400 in May 1990 for $45,000 without first giving Shourd notice of the sale.
 
 
 3
 In December 1990, Shourd filed a conversion action against Case in state court. Shourd asserted that his agent had obtained a purchaser for the Poclain 400 for $200,000 but that the sale could not proceed because Case had "repossessed" the equipment and sold it to third parties. Shourd sought compensatory and punitive damages. Case counterclaimed for the deficiency between the contract price and the sale price of the Poclain 400 and for the contract price of the Poclain 1000, which Case was still willing to sell to Shourd. Shourd, however, no longer wanted to buy the Poclain 1000.
 
 
 4
 Case removed the action to federal court. The district court set an August 2, 1991 discovery cutoff date and a September 30, 1991 trial date. By agreement, Case twice scheduled the deposition of Shourd's agent. Each time the agent failed to appear. The district court granted the parties' joint motion to extend the discovery cutoff date for the sole purpose of conducting the agent's deposition on August 23, 1991. The order provided that if the agent failed to appear at the deposition, he would be barred from giving testimony at the trial or any "attendant proceeding." The agent did not appear at the deposition.
 
 
 5
 On September 17, Shourd filed a motion for voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2) asserting he was unable to proceed with his case-in-chief without the agent's testimony. Shourd also asserted he had found another witness who proposed to purchase the equipment, and Shourd needed time to develop his testimony. Shourd contended, however, he would be prepared to defend the counterclaim. Noting the discovery order barred the agent's testimony, the district court denied the motion, but allowed Shourd to offer his other witness's testimony provided Shourd made the witness available for Case to depose.
 
 
 6
 After a two-day trial, the district court found that in May 1990 Case effectively repossessed the Poclain 400 and sold it without giving proper notice to Shourd under the Arkansas Uniform Commercial Code. Concluding the private sale extinguished the debt on the Poclain 400, the court did not award Case any deficiency. The court, however, awarded judgment to Case on its counterclaim for the contract value of the Poclain 1000, plus three months interest. The court gave Shourd credit for the spare parts Case had sold by mistake. The court allowed Shourd thirty days to pay the judgment and to take possession of the Poclain 1000 without interest; otherwise, Case could sell the machine at a private sale for a commercially reasonable amount, and the proceeds would be credited against the judgment.
 
 
 7
 On appeal, Shourd argues the district court committed error in not granting his Rule 41(a)(2) motion. A motion for dismissal under Rule 41(a)(2) is addressed to the sound discretion of the district court. Herring v. City of Whitehall, 804 F.2d 464, 466 (8th Cir. 1986) (per curiam). Here, Shourd agreed to bar the agent's testimony if he failed to appear at the deposition. In addition, the factual background necessary to prove Case's counterclaim would also be relevant in Shourd's case-in-chief, thus requiring Case to incur duplicate litigation expenses. Having carefully reviewed the record, we conclude the district court did not abuse its discretion in denying Shourd's motion.
 
 
 8
 Shourd also argues the district court should have forced Case to accept the Poclain 1000 in complete satisfaction of the debt, see Ark. Code Ann. § 4-9-505(2) (Michie 1991) (strict foreclosure), rather than allow Case to recover any deficiency resulting from the Poclain 1000's sale at less than the amount owed on the contract, see id. § 4-9-504(2).
 
 
 9
 Under the Arkansas strict foreclosure statute, "a secured party in possession may, after default, propose to retain the collateral in satisfaction of the obligation." Id. § 4-9-505(2). A secured party choosing strict foreclosure rather than resale must give written notice of this proposal to the debtor. Id. If the debtor does not object in writing, the secured party may keep the collateral. Id. Even though Case did not serve formal notice of strict foreclosure, Shourd asserts Case should be limited to the strict foreclosure remedy because Case had always possessed the Poclain 1000 and did not notify Shourd it planned to resell the machine under section 4-9-504 until June 1991, a year after Case's repossession and six months after Shourd filed this lawsuit.
 
 
 10
 The Arkansas courts have not decided whether a secured party may imply election of strict foreclosure. Courts that have decided this question fall into three groups. See Graff v. North Port Dev. Co., 734 S.W.2d 221, 228-29 (Mo. Ct. App. 1987) (explaining three approaches). According to some courts, a secured party may impliedly elect strict foreclosure by retaining collateral even though the secured party does not give written notice under section 9-505. See Lamp Fair, Inc. v. Perez-Ortiz, 888 F.2d 173, 176-77 (1st Cir. 1989) (citing cases). Courts imply this election from the secured party's unreasonably prolonged retention of the collateral, e.g., Millican v. Turner, 503 So. 2d 289, 291 (Miss. 1987), or from the secured party's other actions manifesting an intent to retain the collateral in satisfaction of the obligation, e.g., Nelson v. Armstrong, 582 P.2d 1100, 1108-09 (Idaho 1978) (failure to pursue resale of equipment for 133 days does not adequately manifest intent to retain); Wisconics Eng'g, Inc. v. Fisher, 466 N.E.2d 745, 763-66 (Ind. Ct. App. 1984) (retention and voting of stock for eighteen months may manifest intent to retain). Other courts hold written notice is required under section 9-505(2), and thus, there can be no implied election of strict foreclosure. E.g., Warnaco, Inc. v. Farkas, 872 F.2d 539, 544-45 (2d Cir. 1989). These courts reason that implied election of strict foreclosure is not needed to protect debtors because debtors can compel secured parties who do nothing after repossession to dispose of collateral under section 9-507(1). Id.
 
 
 11
 The Arkansas Court of Appeals has held that when the secured party does not "propose to keep the repossessed property in satisfaction of the debt," repossession of secured property does not cancel the debt under the strict foreclosure statute. Everett v. Parts, Inc., 628 S.W.2d 875, 877 (Ark. Ct. App. 1982). The same court also held that a secured party who does not give the written notice required by the strict foreclosure statute cannot retain the collateral in satisfaction of the debt. McIlroy Bank & Trust v. Seven Day Builders, 613 S.W.2d 837, 842 (Ark. Ct. App. 1981).
 
 
 12
 Given these authorities, we believe the Arkansas Supreme Court would hold a secured party may not imply election of strict foreclosure. Thus, because Case did not propose to keep the Poclain 1000 in satisfaction of Shourd's debt, repossession of the Poclain 1000 did not cancel the debt. Everett, 628 S.W.2d at 877.
 
 
 13
 Accordingly, we affirm.