IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-10149
_____

ROGER KEVIN CONLEY; PAMELA M CONLEY

Plaintiffs-Appellants

v.

AETNA LIFE INSURANCE COMPANY, aka Aetna/US Healthcare, Inc

Defendant-Appellee

_____

Appeal from the United States District Court
for the Northern District of Texas
(4:97-CV-1080-Y)
_____

April 11, 2000

Before KING, Chief Judge, and REAVLEY and STEWART, Circuit
Judges.

PER CURIAM:[*]

     Plaintiffs-Appellants Roger Kevin Conley and Pamela M.

Conley appeal the district court's judgment dismissing their

lawsuit with prejudice.  On appeal, they argue that the district

court abused its discretion in attaching conditions to the

withdrawal of their motion to dismiss without prejudice.  For the

reasons stated below, we AFFIRM.

_____

     [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I.  PROCEDURAL HISTORY

Plaintiffs-Appellants Roger and Pamela Conley ("the Conleys") originally filed this action in Texas state court, complaining of Defendant-Appellee Aetna Life Insurance Company's ("Aetna") refusal to authorize Total Parenteral Nutrition ("TPN") treatment under the Conleys' medical insurance policy.  Their petition alleged substandard quality of care, corporate practice of medicine under Texas Insurance Code Article 4496(b), negligent utilization review, negligent hiring and retention, respondeat superior, negligent credentialing and negligent monitoring, tortious interference with the physician/patient relationship, delay of treatment, and misrepresentation claims.

In December 1997, Aetna removed the action to the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1441(a) on diversity grounds.  Aetna filed an answer in January 1998, and in February 1998, the parties participated in a status conference and submitted a discovery plan.  The Conleys then filed a motion to amend their complaint and a motion to remand.  The district court denied both motions in an order issued on March 10, 1998.  The parties conducted discovery between approximately March and November 1998.  In November 1998, the district court extended the deadline for the completion of discovery until January 1999 for the limited purpose of deposing six Aetna employees.  The parties also participated in mediation in late 1998.

On January 11, 1999, the Conleys filed a Motion to Dismiss Without Prejudice. Despite Aetna's opposition, the district court partially granted the Conleys' motion. Invoking its authority under Federal Rule of Civil Procedure 41(a)(2), the district court gave the Conleys the option to either (1) have the action dismissed with prejudice, or (2) pay Aetna's litigation expenses and have the action dismissed without prejudice. The Conleys then filed an Expedited Motion for Clarification of the court's decision. The district court responded to this motion by issuing a second order that offered a third option. Under this option, the Conleys could withdraw their Motion to Dismiss Without Prejudice and proceed with the action, so long as they paid the litigation expenses Aetna had incurred in responding to their motion. On January 29, 1999, citing their inability to pay for any of Aetna's litigation expenses, the Conleys elected to dismiss the action with prejudice. However, in their Election to Dismiss With Prejudice, the Conleys specifically stated that they were not waiving their right to appeal. The district court then ordered the case dismissed with prejudice and entered a final judgment the same day. The Conleys timely appeal.

## II. DISCUSSION

On appeal, the Conleys argue that the district court abused its discretion by predicating the Conleys' withdrawal of their Motion to Dismiss Without Prejudice upon the payment of Aetna's attorneys fees and litigation costs incurred in responding to the

3

motion.  Aetna, in addition to contesting the merits of this claim, argues that this court lacks jurisdiction to hear the appeal, and that the Conleys waived their right to appeal.

## A.  Jurisdiction

As a court of limited jurisdiction, we are obliged to examine the basis of our jurisdiction.  See Thompson v. Betts, 754 F.2d 1243, 1244 (5th Cir. 1985).  Thus, as a preliminary matter, we address Aetna's contention that we lack jurisdiction to hear this appeal.  Aetna asserts that this Court lacks jurisdiction to hear the Conleys' appeal because they voluntarily dismissed their case.  As a result, Aetna argues, the dismissal order is only appealable if the conditions imposed on the dismissal caused the Conleys to suffer legal prejudice, and if the Conleys did not accept or legally acquiesce to those conditions.

It is well-established that a dismissal with prejudice operates as a final adjudication upon the merits from which a plaintiff may appeal.  See Nichols v. Mobile Bd. of Realtors, Inc., 675 F.2d 671, 673 (5th Cir. Unit B 1982); LeCompte v. Mr. Chip, 528 F.2d 601, 603 (5th Cir. 1978) (citing Durham v. Florida East Coast Ry. Co., 385 F.2d 366 (5th Cir. 1967)); 15A WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL, § 3914.8.  Furthermore, if a plaintiff rejects the conditions proposed by the district court for dismissal without prejudice under Rule 41(a)(2) and the action is dismissed with prejudice, the plaintiff can appeal.

4

See <u>Mortgage Guaranty Ins. Corp. v. Richard Carlyon Co.</u>, 904 F.2d 298, 301 n. 5 (5th Cir. 1990); <u>Yoffe v. Keller Indus., Inc.</u>, 582 F.2d 982, 983 (5th Cir. 1978) (per curiam) (denying petition for rehearing), *cert. denied*, 440 U.S. 914 (1979) ("<u>Yoffe II</u>"); <u>Yoffe v. Keller Indus., Inc.</u>, 580 F.2d 126, 131 n. 13 (5th Cir. 1978) ("<u>Yoffe I</u>").

Aetna suggests that the dismissal should be considered a voluntary dismissal without prejudice for the purposes of appeal because the Conleys elected dismissal with prejudice, one of the options presented by the district court, instead of rejecting the conditions and waiting for the district court to enter a dismissal with prejudice. However, we are unpersuaded that there is a distinction between explicitly electing to dismiss with prejudice and electing to act such that the district court will inevitably dismiss with prejudice. Consequently, we find that this court has jurisdiction to hear the instant appeal, and turn to the merits of the Conleys' claim.

### B. Conditions Imposed on Withdrawal

Federal Rule of Civil Procedure 41(a)(2) permits a district court to dismiss an action "at a plaintiff's instance . . . upon such terms and conditions as the court deems proper." Thus, under Rule 41(a)(2), a district court has the discretion to create and attach conditions to the grant of a plaintiff's motion to dismiss without prejudice. See <u>LeCompte</u>, 528 F.2d at 604. The conditions placed by the district court upon the withdrawal

5

of the Conleys' Motion to Dismiss Without Prejudice will be reviewed for an abuse of discretion.  See id.

The Conleys contend that the district court abused its discretion by conditioning the right to withdraw their Motion to Dismiss Without Prejudice upon payment of Aetna's litigation expenses incurred in responding to the motion.  They argue that a plaintiff has an unconditional right to withdraw a motion, and that premising the withdrawal of their motion upon payment of Aetna's litigation expenses deprived them of the opportunity to continue the lawsuit and forced them to dismiss with prejudice. The Conleys maintain that the district court abused its discretion in imposing such a condition.

This court has held, contrary to the Conleys' assertion, that a district court has the authority to attach conditions to the withdrawal of a motion to dismiss without prejudice under Rule 41(a)(2).  See Yoffe II, 582 F.2d at 984.  Thus, the only remaining question is whether the specific terms and conditions, rather than the mere fact of having imposed them, exceeded the district court's discretion.

The authority of a district court under Rule 41(a)(2) to attach conditions to a dismissal without prejudice or to a withdrawal of the motion to dismiss without prejudice exists so that the court can protect the interests of defendants.  See id.; LeCompte, 528 F.2d at 604 (citing 9 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL, §§ 2362, 2364, at 149, 165 (1971)).  The conditions must alleviate any serious prejudice that a defendant

6

might suffer as a result of the dismissal.  See LeCompte, 528 F.2d at 605.  This court has held that attorney fees and costs may properly be awarded as a condition of dismissal.  See Yoffe I, 580 F.2d at 129 n.9; LeCompte, 528 F.2d at 603.

In Yoffe II, this court upheld a district court's award of attorney fees and costs as a condition of a plaintiff's withdrawal of the plaintiff's earlier motion to dismiss.  See Yoffe II, 984 F.2d at 984.  We held that the district court was within its discretion in awarding the attorney fees and costs incurred by the defendant up to the point of the motion to dismiss.  See id.  Furthermore, we deemed it proper to add those fees and costs incurred in preparing for an evidentiary hearing to determine the amount of those costs, as well as the costs incurred in defending the appeal, to the original amount awarded by the district court.  See id.

In light of this precedent, the Conleys' argument must fail. Here, the district court acted within its discretion when it conditioned the withdrawal of the Conleys' Motion to Dismiss upon payment of costs incurred by Aetna in responding to the motion. This condition alleviated any harm caused to Aetna by the Conleys' withdrawal of the motion.  Furthermore, the condition was well within the parameters of the conditions approved by this court in Yoffe II.  Therefore, the district court did not abuse its discretion.

### III.  CONCLUSION

7

For the above-stated reasons, we AFFIRM.