IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 15, 2001 Session

## MARK ALLEN WISHON and wife, TAMMY WISHON, v. EAR, NOSE, & THROAT ASSOCIATES, PC, MARK A. HOWELL, MD, DAVID S. HAYNES, MD, SAINT THOMAS HOSPITAL, and BAPTIST HOSPITAL

**Direct Appeal from the Circuit Court for Washington County**
**No. 20355     Hon. Thomas J. Seeley, Jr., Circuit Judge**

**FILED NOVEMBER 29, 2001**

**No. E2001-01031-COA-R3-CV**

Plaintiffs appeal from summary judgments in medical malpractice case granted to defendants, and from the Trial Court's refusal to grant them a voluntary dismissal during the pendency of the summary judgment motions. We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and CHARLES D. SUSANO, JR., J., joined.

Bob McD. Green, and Walter Lee Davis, Johnson City, Tennessee, for Appellants.

Jim E. Brading, Johnson City, Tennessee, for Appellees, Ear, Nose & Throat Associates, P.C., and Mark A. Howell, M.D.

John C. Hayworth, Nashville, Tennessee, for Appellee, David S. Haynes, M.D.

Mary Martin Schaffner, Nashville, Tennessee, for Appellee, Saint Thomas Hospital.

Jeffrey Zager, Nashville, Tennessee, for Appellee, Baptist Hospital.

## OPINION

In this action, the Trial Court granted defendants summary judgment, after refusing to grant plaintiffs' voluntary dismissal pursuant to Tenn. R. Civ. P. Rule 41.02(3). Plaintiffs have appealed.

The Trial Court, in its Order granting summary judgment and denying plaintiffs' Motion, succinctly sets forth the salient facts for consideration on appeal:

[t]his lawsuit was filed on March 13, 2000. The record further reflects that Defendants Ear, Nose & Throat Associates, P.C. and Mark A. Howell, M.D. filed their motion for summary judgment on April 22, 2000, and that Defendants Dr. Haynes, Saint Thomas Hospital and Baptist Hospital all filed their respective motions for summary judgment in August 2000. By notice filed on October 18, 2000, all four of these motions were set for hearing before this Court on the December 18, 2000 motion docket. . . .

The Court held a hearing on these motions on December 18, 2000. At that hearing the record reflected that (i) all of the motions were properly supported by affidavits establishing that no genuine issues of material fact exist and that the respective defendants are entitled to judgment as a matter of law; (ii) Plaintiffs have filed no papers or sworn proof in opposition to the motions; and (iii) Plaintiffs have not moved to voluntarily dismiss the case or otherwise attempted to non-suit the case prior to the scheduled hearing. At the hearing, Plaintiffs' counsel informed the Court that on Friday, December 15, 2000, Plaintiffs' counsel contacted counsel for Defendants Ear, Nose & Throat Associates, P.C. and Mark A. Howell, M.D. to seek an agreed continuance in order to conduct discovery, which request was denied. Plaintiffs' counsel then informed the Court that Plaintiffs would like to voluntarily dismiss the case without prejudice and contended that no prejudice would result to Defendants were Plaintiffs allowed to do so. . . .

Based upon the Defendants' motion papers, the sworn affidavits filed in support thereof, and the arguments of counsel, the Court–taking into account the Defendants' efforts and expense in preparation and presentation of their respective motions and otherwise defending this case, the existence of excessive delay and lack of diligence on the part of the Plaintiffs in prosecuting the action, and an insufficient or no explanation for the need to take a dismissal–concludes that Defendants would suffer legal prejudice if the Court were to allow the Plaintiffs to now voluntarily dismiss this case. . . . Finally, the Court further concludes that no genuine issues of material fact exist in this case and that Defendants are entitled to judgment as a matter of law.

Appellate courts review discretionary rulings with the presumption that the decision is correct, viewing the evidence in the light most favorable to the decision. A lower court's decision will not be disturbed on appeal, simply because it did not choose an alternative that the appellate courts would have chosen. Though not entirely immune from appellate scrutiny, discretionary rulings are subjected to less rigorous appellate scrutiny, and will be set aside only if they are based on a misapplication of controlling legal principles or on a clearly erroneous assessment of the evidence. The discretionary decision will stand if reasonable judicial minds can differ concerning

its propriety. *Overstreet v. Shoney's, Inc.*, 4 S.W.3d 694, 708-709 (Tenn. Ct. App. 1999). Thus, reversal for abuse of discretion occurs when "it affirmatively appears that the trial court's decision was against logic or reasoning, and caused an injustice or injury to the party complaining." *Ballard v. Herzke,* 924 S.W.2d 652, 661 (Tenn. 1996).

In exercising its discretionary authority to grant a non-suit, courts will consider factors such as the defendant's time, expense and effort, plaintiff's delay or lack of diligence in prosecuting his action, insufficient explanation of the need for the non-suit, and whether the non-suit is solely to avoid an adverse result. *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6ᵗʰ Cir. 1994); *Radiant Technology Corp. v. Electrovert USA Corp.*, 122 F.R.D. 201 (N.D. Tex. 1988).

Tennessee Rules of Civil Procedure 41.01 prohibits the taking of a voluntary non-suit without prejudice as a matter of right, when a motion for summary judgment is pending. Appellants' sole authority to support their contention that the trial court has discretion to grant a non-suit without prejudice, is *Stewart v. University of Tennessee*, 519 S.W.2d 591 (Tenn. 1974). *Stewart* does acknowledge even if a voluntary dismissal as a matter of right is not available under Rule 41.02, there may be circumstances where a voluntary dismissal is proper under Rule 41.02(3). The *Stewart* Court held it was no abuse of discretion to grant plaintiffs' oral motion to non-suit made at the summary judgment hearing. All defendants were present at the hearing, none objected and all counsel affirmatively assented by approving the order of non-suit. Obviously, these facts substantially distinguish *Stewart* from the case before us, where all defendants object to plaintiffs' attempt to non-suit on the date of hearing of the summary judgment motions.

In the present case, appellants gave no plausible reason for their need to non-suit, other than obtaining their medical expert and taking testimony. They had initiated no discovery since filing the complaint, and had not responded to discovery served upon them. Upon these facts, the Trial Court did not abuse its discretion in disallowing plaintiffs' motion for a voluntary dismissal.

Our review of the granting of the summary judgment is a question of law. *Staples v. CBL & Assoc., Inc.*, 15 S.W.3d 83, 88-89 (Tenn. 2000). Summary judgment is appropriate where no genuine issue with regard to any material fact appears, and the applicable law to those undisputed facts warrants judgment for the movant. *Bain v. Wells*, 936 S.W.2d 618 (Tenn. 1997).

Appellants argue that appellees' motions are inadequately supported by their own physician/defendants' affidavit. However, a physician's own affidavit is sufficient by itself to support a motion for summary judgment, despite the fact that he is a party to the suit. *Smith v. Graves*, 672 S.W.2d 787, 790 (Tenn. Ct. App. 1984).

The defendants set forth in their motion for summary judgment material facts by affidavits, which established the basis for summary judgment, and failure of the plaintiffs to respond to the motion for summary judgment precludes consideration of any factual issues, since the defendants' material facts are left undisputed. Where the undisputed facts mandate a judgment, summary judgment will be granted to the moving party. *Bradley v. McLeod*, 984 S.W.2d 929, (Tenn.

Ct. App. 1998). As in this case, the recipients of a motion for summary judgment in *Bradley* filed nothing in response. Judge Koch, writing for the Bradley Court, affirmed the summary judgment and issued a stern rebuke:

> Summary judgments proceedings are not disfavored procedural shortcuts, but rather are useful proceedings that provide an expeditious and inexpensive means to conclude litigation when there are no material factual disputes. The practicing bar has now been on notice for more than two decades that summary judgment motions should not be taken lightly. They have also been admonished repeatedly that parties facing a summary judgment motion cannot rest on the mere allegations or denials in their pleadings but rather must respond with appropriate evidentiary materials demonstrating that there is a genuine issue for trial.
>
> Unfortunately, not all lawyers heed Tenn. R. Civ. P. 56.06's clear warning. With increasing frequency, they do not take a motion for summary judgment seriously until after it has been granted.

*Id.* at 932.

For the foregoing reasons, we affirm the judgment of the Trial Court, and remand, with the cost of the appeal assessed to Mark Allen Wishon and Tammy Wishon.

_____
HERSCHEL PICKENS FRANKS, J.