Donald YOFFE, Plaintiff-Appellant,

v.

KELLER INDUSTRIES, INC., a corporation and Henry A. Keller and Norman S. Edelcup, Individuals, Defendants-Appellees.

No. 76–2288.

United States Court of Appeals,
Fifth Circuit.

Sept. 13, 1978.

Rehearing Denied Oct. 27, 1978.
See 582 F.2d 982.

Lipkin, Stutzman, Marshall & Bohorad, Pottsville, Pa., Marc Cooper, Robyn Greene, Miami, Fla., for plaintiff-appellant.

Robert Orseck, Joel D. Eaton, Richard E. Reckson, Miami, Fla., for defendants-appellees.

Before BROWN, Chief Judge, THORN-BERRY and CLARK, Circuit Judges.

BROWN, Chief Judge:

Plaintiff Donald Yoffe appeals from that part of an order granting his motion for a voluntary dismissal without prejudice under F.R.Civ.P. 41(a)(2) that requires him to pay the defendants' attorneys' fees and costs as a condition of the dismissal. Yoffe attacks both the imposition and the amount of the fee award, claiming that the District Court Judge exceeded his authority in granting the award and erred in determining the amount due. Specifically, Yoffe asserts that the Judge admitted hearsay evidence without a proper foundation, improperly restricted the plaintiff's right to cross-examine, and failed to take all the requisite factors into account in setting the fee award. We hold that, under a review limited to determining whether the plaintiff has suffered "legal harm," the District Court acted within its discretion in awarding the amount adjudged as the defendants' reasonable attorneys' fees and costs. On that finding, we then hold that the plaintiff is not entitled to appeal the District Court's order, and therefore dismiss the appeal.

*From Pennsylvania To Florida And Back*

The plaintiff's motion for a voluntary dismissal took place against a background of complex, or at least confusing, procedural maneuvers. In 1967, Donald Yoffe and his father, Jack Yoffe, entered into a contract with Keller Industries (Keller) under which Keller would receive all the stock in two corporations owned by the Yoffes in exchange for a fixed amount of Keller stock. In 1972, the elder Yoffe filed suit against Keller in Pennsylvania state court on a cause of action arising out of this contract. In May 1974, Donald, the younger Yoffe, filed a diversity suit against Keller and two individual defendants[1] in the Federal District Court in the Southern District of Florida, alleging that the contract had been breached[2] and seeking specific performance, damages, and punitive damage's against the individual defendants.[3] Discovery proceeded in the Florida case, and, at a pretrial conference held on October 17, 1974, the District Court Judge denied plaintiff's motion for further discovery and set a trial date for November. The case was delayed once and subsequently rescheduled for trial in early January of 1975.

Meanwhile, back in Pennsylvania, the father's long dormant suit began to show signs of life. In April 1974, Keller filed a petition in the Pennsylvania suit to compel the son, Donald Yoffe, to be joined as an indispensible party plaintiff. The state court issued a rule to show cause why this joinder should not be compelled and directed that all threatened and pending prosecutions be stayed. Four days after Donald filed his diversity suit in federal court in Florida, Keller petitioned the Pennsylvania court for a rule to show cause why Donald was not in contempt of the state court's stay order. On October 18, 1974, the day after the pretrial conference was held in Florida, Donald Yoffe moved to be made a party plaintiff in the Pennsylvania litiga-

---

1. These defendants, the president and treasurer of Keller Industries, were beyond the jurisdiction of the Pennsylvania state court. Jack Yoffe did not appear as a party in the Florida litigation because he would have destroyed diversity of citizenship.

2. The complaint alleged that Keller had delayed the transfer of its stock to Yoffe because of its failure to comply with the requirements of the Securities Act of 1933 in registering the stock. Under the contract, additional stock then be-

came due to adjust for the change in value of the stock that occurred during and as a result of the delay. Keller failed to deliver the additional stock and Yoffe sued for specific performance and damages.

3. The District Court granted the defendants' motion to strike the plaintiff's claim for punitive damages. R. at 103. Yoffe's attempt to appeal this ruling was dismissed as interlocutory. R. at 670.

tion. However, Keller then withdrew its motion to compel Donald's joinder and opposed his motion to become a party plaintiff on the ground that the Florida suit was proceeding quickly. On October 31, Donald's motion to become a Pennsylvania plaintiff was granted.

On December 17, 1974, Donald Yoffe filed a motion for voluntary dismissal without prejudice in the federal district court.[4] The Judge heard Keller's arguments in opposition[5] and, by order of January 28, granted the plaintiff's motion. Pursuant to the terms of Rule 41(a)(2), the Judge ordered that "the plaintiff shall pay all costs and expenses, including reasonable attorneys' fees incurred by defendants in this case."[6] The plaintiff appealed from this order but the Fifth Circuit dismissed the appeal, undoubtedly on the basis that an appeal prior to an order setting the amount of fees was premature.

A lengthy hearing was held to determine the amount of fees and costs the defendants had incurred in the litigation. Three law firms represented the defendants in the federal suit. Mudge, Rose, Guthrie & Alexander [Mudge, Rose] of New York had been retained to defend Keller Industries in both the Florida and Pennsylvania suits. Mudge, Rose in turn had engaged Podhurst, Orseck & Parks, of Miami, to defend Keller as local counsel, and Levine, Reckson & Reed, also of Miami, to represent the two individual defendants.[7] The claim for costs and fees for these three firms, plus miscellaneous costs, totaled approximately $134,789.22.[8] The District Judge heard testimony from representatives of the three law firms as to the services they performed and from two expert witnesses who opined as to the reasonableness of the fees charged. The Court also considered documentary evidence, including statements submitted to Keller by the law firms, time sheets, a computer printout of time spent by the Mudge, Rose attorneys on behalf of Keller in the Florida suit, and a summary of Mudge, Rose's work for Keller.

At the conclusion of the hearing, the District Judge allowed attorneys' fees and costs in the total amount of $44,523.20. This sum allowed only a portion of the fees of Mudge, Rose, and granted the other fees and expenses claimed for services prior to January 1975 in full. The plaintiff appeals, challenging both the imposition of fees and costs and the amount set.

---

4. In the alternative, Yoffe sought a dismissal as to Keller Industries but a stay as to the individual defendants, who could not be subjected to the jurisdiction of the Pennsylvania court. The District Court Judge refused to order anything less than a dismissal as to all defendants.

5. Keller's opposing papers and argument emphasized that the Florida case was scheduled for trial in a few weeks, that defendants had expended large sums of money to prepare for the trial, and that they could face another suit brought by the plaintiff on the same claim.

6. The Judge's order stated:
 Pursuant to Rule 41(a)(2), however, the court is authorized to impose, upon the granting of such a motion, conditions which protect all parties. The court notes that from the start of this action all defendants have defended vigorously and conducted extensive pre-trial discovery and preparations for their defense of the serious allegations of the complaint. The defendants have consistently pressed for a speedy determination of the issues here raised.
 The plaintiff has used the court to achieve his stated purpose of completing discovery for his Pennsylvania case and now, on the eve of trial, voluntarily dismiss after defendants have incurred substantial expense in defending this litigation. This cannot be condoned. The plaintiff shall pay all costs and expenses, including reasonable attorneys' fees incurred by defendants in this case. *American Cyanamid Company v. McGhee*, 5th Cir. 1963, 317 F.2d 295. [R. at 704, 706.]

7. The individual defendants had an indemnity agreement from Keller Industries. R. at 945.

8. Subtracting fees and costs allocated to the hearing itself, as the trial judge later ordered, the total claimed was $122,490.95. Mudge, Rose claimed approximately $90,000; Podhurst, Orseck claimed approximately $11,000; and Levine, Helman claimed approximately $11,500.

*Have We An Appeal?*

■ Our major difficulty is to determine whether the plaintiff can appeal the order granting his Rule 41(a)(2) motion on the condition that he pay $44,000 in costs and attorneys' fees. Rule 41(a)(2) provides, in pertinent part:

> Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. . . . Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

The rule gives district courts the discretion to grant a motion for voluntary dismissal, a discretion designed "to allow the plaintiff to withdraw his action from the court without prejudice to future litigation." The authority to attach conditions to the order of dismissal "prevents defendants from being unfairly affected" thereby. *LeCompte v. Mr. Chip, Inc.*, 5 Cir., 1976, 528 F.2d 601; *Alvarado v. Maritime Overseas Corp.*, 5 Cir., 1976, 528 F.2d 605; *American Cyanamid Co. v. McGhee*, 5 Cir., 1973, 317 F.2d 295.[9]

In *LeCompte, supra,* this Court stated the usual rule governing the appealability of orders granting motions for voluntary dismissal:

> "Where the trial court allows the plaintiff to dismiss his action without prejudice, the judgment, of course, qualifies as a final judgment for purposes of appeal. Ordinarily, though, plaintiff cannot appeal therefrom, since it does not qualify

as an involuntary adverse judgment so far as the plaintiff is concerned." 5 Moore's Federal Practice ¶ 41.05[3], at 1068 (2d ed. 1975), *citing Scholl v. Felmont Oil Corp.,* 327 F.2d 697, 700–701 (6th Cir. 1964); *accord,* 9 Wright & Miller, *Federal Practice & Procedure: Civil* § 2376, at 247 (1971).

528 F.2d at 603; *see also Alvarado v. Maritime Overseas Corp.,* 5 Cir., 1976, 528 F.2d 605. This rule is premised on the rationale that:

> the plaintiff has acquired that which he sought, the dismissal of his action and the right to bring a later suit on the same cause of action, without adjudication of the merits. The effect of this type of dismissal is to put the plaintiff in a legal position as if he had never brought the first suit. *Maryland Casualty Co. v. Latham,* 41 F.2d 312, 313 (5th Cir. 1930); *Humphreys v. United States,* 272 F.2d 411, 412 (9th Cir. 1959).

*Id.* The *LeCompte* opinion points out that most cases under the Rule imposed conditions that require the payment of costs and attorneys' fees, and acknowledges that:

> [i]n one sense, any requirement imposed upon a plaintiff as a condition for allowing him a voluntary dismissal amounts to some degree of prejudice to his action, as a practical matter.

However, the opinion goes on to state that:

> generally the conditions imposed do not create prejudice in a legal sense to the bringing of another suit. Rather, the usual conditions attached to a voluntary dismissal involve prejudice only in a practical sense (*e. g.,* paying costs or expenses,

**9.** The line of authority represented by these cases easily disposes of the plaintiff's appellate argument that the Supreme Court's 1975 opinion in *Alyeska Pipeline Service Co. v. The Wilderness Society,* 1975, 421 U.S. 420, 95 S.Ct. 1612, 44 L.Ed.2d 141, precludes the imposition of attorneys' fees in this case. *Alyeska* did severely restrict the power of the judiciary to award attorneys' fees to prevailing "private attorneys general." However, we are not asked to review such an award. Rather, we have before us an order made pursuant to a congressionally approved rule, reimbursing costs expended at the behest of a plaintiff who does not wish to continue his suit, but who faces no legal barrier to bringing the same action again at a later date. There is no doubt that a court has ample authority to award attorneys' fees as a term and condition of a Rule 41(a)(2) voluntary dismissal in order to protect defendants.

producing documents, producing witnesses). The imposition of this type condition does not amount to the type of "legal prejudice" which would entitle a plaintiff to appeal the grant of the dismissal he obtains.

The question before us is whether, under the terms set for the Circuit in *LeCompte,* the District Court's $44,000 condition is the type of "legal" prejudice that would entitle the plaintiff to an appeal at this juncture.

In *LeCompte* itself, this Court did reach the merits of the plaintiff's challenge to the conditions imposed on his voluntary dismissal. But the requirements imposed by the District Court in that case went far beyond the payment of fees and costs. The trial judge set the following conditions to the dismissal:

> (1) that any subsequent suit must be filed in the same court; (2) that plaintiff must show extraordinary circumstances to justify reopening the case; and (3) that plaintiff must make an affirmative demonstration to the court's satisfaction that a valid cause of action can be maintained against defendants.

528 F.2d at 602. This Court found that these conditions, unlike a requirement to pay a sum of money, "involve prejudice in a legal sense" because the "plaintiff is severely circumscribed in his freedom to bring a later suit." *Id.,* at 604. Equally significant, the Court found that "under the circumstances of this [the *LeCompte*] case," the plaintiff could not "be deemed to have acquiesced in or accepted the terms of the order actually entered." The plaintiff had twice filed objections to the conditions that were set by the District Court. Thus, this Court was able to say that:

> The fact that plaintiff has never, in so many words, sought to have the dismissal

set aside is not dispositive. The record clearly indicates he has consistently expressed his desire to be relieved from the burdens of the order and has never actually acquiesced in or accepted the terms of the dismissal.

 *LeCompte* directs us to look at two points to determine whether a plaintiff can appeal an order granting a Rule 41(a)(2) voluntary dismissal without prejudice: (i) whether the plaintiff is "legally prejudiced" by the conditions accompanying the grant of the dismissal; and (ii) whether he agrees to or acquiesces in those conditions.[10] We hesitate to leave a sum as large as that imposed on Donald Yoffe unreviewed for even a short time. However, we believe that *LeCompte* precludes this appeal except insofar as it teaches that this Court must look at the effect of the terms and conditions set by the District Court Judge to determine whether they "legally prejudice" the plaintiff.[11]

Donald Yoffe has certainly met the second condition set by the *LeCompte* case: short of filing a formal request to set aside the order of dismissal, he has made it quite clear that he does not acquiesce in or agree to the imposition of attorneys' fees as the price of the voluntary dismissal. He appealed the Judge's order of January 28, 1975 which granted the dismissal conditioned on the payment of an as yet undetermined amount of "reasonable" costs and fees, a premature appeal that was dismissed. During the hearing held to determine the amount of allowable fees and costs, Yoffe made numerous, vociferous objections to the methods by which the amount of fees were proved; when the Court fixed the amount due in its order of March 1976, Yoffe brought this appeal.

However, a brief examination of the record and transcript of the hearing convinces

---

**10.** These two points may, of course, ultimately intertwine.

**11.** *See also Scholl v. Felmont Oil Corp.,* 6 Cir., 1964, 327 F.2d 697, 700, where the Court held

that a plaintiff could not appeal an order granting his Rule 41(a)(2) motion, but also examined the terms and conditions imposed on the dismissal and found them "not unreasonable."

us that Yoffe cannot meet the first part of the *LeCompte* framework: the nature of the condition set by the District Court does not amount to legal prejudice.[12]

■ We do not intend to draw the distinction between appealable and nonappealable Rule 41(a)(2) conditions on a strict line between "mere" requirements to pay money and other requirements that have res judicata consequences. There will be cases in which the amount of money set as the price of a voluntary dismissal without prejudice is so clearly unreasonable as to amount to appealable "legal prejudice" or to warrant review through a prerogative writ. We will examine each case to ensure that the terms and conditions accompanying the grant of a plaintiff's Rule 41(a)(2) motion are not so outrageous as to demand a full appellate review. However, neither the amount of fees and costs set in this case as a condition on Yoffe's voluntary dismissal, nor the method by which they were determined, was so patently unreasonable as to warrant any extraordinary action on our part. We therefore hold that Yoffe cannot bring this appeal and dismiss.[13]

APPEAL DISMISSED.

12. Yoffe urges three points of error in the District Court's method of determining the amount of attorneys' fees: (1) the admission into evidence of computer printouts of hours billed by Mudge, Rose without sufficient foundation; (2) the limitation of his cross-examination of a Mudge, Rose attorney as to whether the work performed and billed for the Florida case could also be used in the still-pending Pennsylvania suit; and (3) the failure of the District Court to follow *Johnson v. Georgia Highway Express, Inc.,* 5 Cir., 1974, 488 F.2d 714, and "detail" specifically the factors on which it based its fee award.

We specifically decline to reach the merits of these claims, and hold only that neither the award nor the method by which it was determined is so clearly unreasonable as to constitute legal prejudice. In order to reach this conclusion, however, we necessarily have had to engage in a limited review of Yoffe's claims and in that preliminary inquiry we have been guided, with respect to each claim, by the following considerations. (1) The District Court has wide discretion in determining the reliability of documentary evidence. *United States v. Jones,* 5 Cir., 1977, 554 F.2d 251, 252. (2) The cross-examination of the Mudge, Rose attorney seemed clearly to cross the line between the issue of attorneys' fees and the legal theories, defenses, and strategies involved in the Pennsylvania and Florida cases. The thought processes relevant to pending litigation must be protected from disclosure. *Hickman v. Tayler,* 1947, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451; 8 Wright & Miller, *supra,* § 2026, at 320–

32. (3) *Johnson* is distinguishable. Its requirement to "detail" attorneys' fees awards applied to a statutorily authorized award of fees, *Matter of Colonial Corp.,* 5 Cir., 1977, 544 F.2d 1291, 1299. The inclusion of fees as a condition for a voluntary dismissal without prejudice under Rule 41(a)(2) is a different kind of beast which has not yet been saddled with mandatory *Johnson* -type requirements.

13. If a plaintiff in Yoffe's position accepts the dismissal with its conditions, the defendants have an enforceable judgment which they can execute. However, the plaintiff has two options if he views the money judgment as too high a price to pay for a voluntary dismissal without prejudice. First, he can decline to dismiss, decline to pay, and take his chances on a trial. See *Scholl v. Felmont Oil Corp.,* 6 Cir., 1964, 327 F.2d 697, 700; *Scam Instrument Corp. v. Control Data Corp.,* 7 Cir., 1972, 458 F.2d 885; see generally, 9 Wright & Miller, *supra,* § 2366, at 183; 5 Moore's, *supra,* ¶ 41.-05, at 41–90. Alternatively, the plaintiff can accept the dismissal and decline to pay. In such a situation, at least two circuits have held that the District Court may then dismiss the action with prejudice. See *DeFilippis v. Chrysler Sales Corp.,* 2 Cir., 1940, 116 F.2d 375; *Stern v. Inter-Mountain Tel. Co.,* 6 Cir., 1955, 226 F.2d 409. Of course a dismissal with prejudice goes to the merits of a case and is clearly an order that a dissatisfied plaintiff can appeal as of right. See *Durham v. Florida East Coast Ry. Co.,* 5 Cir., 1967, 385 F.2d 366, cited in *LeCompte, supra,* at 603.