[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 9, 2004
THOMAS K. KAHN
CLERK

No. 02-16469

D. C. Docket No. 98-00373 CV-JLK

LEONIDAS ORTEGA TRUJILLO,
JAIME ORTEGA TRUJILLO,
LUIS ALBERTO ORTEGA TRUJILLO,

Plaintiffs-Counter-Defendants-
Third-Party-Defendants-Appellants,

versus

BANCO CENTRAL DEL ECUADOR,
an agency of the government of Ecuador,

Defendant-Counter-Claimant-
Third-Party-Plaintiff-Appellee,

AUGUSTO DE LA TORRE,
CONOVER & COMPANY,
a Massachusetts corporation,

Defendant-Appellees,

BANCO CONTINENTAL, S.A.,
BANCO CONTINENTAL OVERSEAS, N.V.,

Third-Party-Plaintiffs,

PAMAMERICAN BANK, A Florida bank, et al.,

Third-Party-Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 9, 2004)**

Before EDMONDSON, Chief Judge, CARNES, Circuit Judge, and MILLS[*],
District Judge.

PER CURIAM:

This case is about appealability and assessment of attorney's fees and costs

as a condition to a plaintiff's voluntarily dismissing a civil action without

prejudice. The Plaintiffs (the "Ortegas") dispute Banco Central's entitlement to

attorney's fees and costs and dispute the district court's determination on the

appropriate amount due Banco Central. Seeing no basis for a direct appeal of the

conditions on the voluntary dismissal, we dismiss for lack of jurisdiction.


I. Background


In 1996, Banco Central brought suit in a Bahamian court against several

members of the Ortega family and several companies associated with the Ortegas.

_____

[*]Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting
by designation.

In connection with the Bahamian litigation, Banco Central's public relations firm issued a press release; the release alleged involvement by the Ortegas in a bank-fraud scheme.

In February 1998, the Ortegas sued Banco Central in a United States district court; they alleged, among other things, defamation in connection with the press release.

After several years of litigating their claims, the Ortegas moved to dismiss their action voluntarily and without prejudice under FRCP 41(a)(2) "upon such terms and conditions as the Court deems proper." Banco Central opposed the dismissal; but if the dismissal was to be granted, Banco Central also urged that, as a condition, plaintiffs pay Banco Central's costs and attorney's fees. In March 2001, the district court granted the Ortegas' motion to dismiss voluntarily. The district court, in the pertinent dismissal order, specifically retained jurisdiction to determine the fees and costs Banco Central sustained when defending this action: the district court, thus, conditioned the dismissal.[1]

Banco Central filed a verified motion for attorney's fees and costs, requesting approximately $2 million for the nearly three years of on-going

---

[1]It would have been clearer and better if the district court had used the phrase "dismissed on the condition"; but in the context of the parties' arguments in district court and of Rule 41(a)(2), we accept the dismissal was a conditional one.

litigation.[2] The Ortegas opposed the fees and costs. In July 2001, the district court said attorney's fees and costs would be awarded to Banco Central but that the district court needed to decide "the reasonableness of the fees and costs [incurred by Banco Central]." The district court decided to hold an evidentiary hearing to assess better Banco Central's request.

Later, after the two-day evidentiary hearing, the district court entered a preliminary order resolving that Banco Central should receive a reasonable amount of attorney's fees and costs for "wasted" effort defending the case.

In August 2002, Banco Central submitted a supplemental written submission, setting forth a revised claim for attorney's fees and costs, reducing its initial request of upwards of $2 million to one of approximately $700,000.

In November 2002, the district court entered an order granting Banco Central the amount sought in the amended fee application. Ortega Trujillo v. Banco Central, 229 F.Supp. 2d 1369, 1376 (S.D. Fla. 2002). No motion to withdraw the Ortegas' voluntary dismissal was ever made to the district court.

---

[2]In their first motion for attorney's fees and costs, dated 27 April 2001, Banco Central contended that, for approximately three years of defending itself in this litigation, it was owed $1,673,576.30 in attorney's fees and $398,485.35 in costs.

4

The Ortegas now appeal the district court's decision to assess attorney's fees and costs as a 41(a)(2) condition and the district court's determination on what specific amount of fees and costs the Ortegas owe to Banco Central.

## II. Review for Jurisdiction

Before proceeding to the merits of the Ortegas' arguments on appeal, we are obliged to assess whether we have jurisdiction to review on direct appeal the assessment of attorney's fees and costs placed on a conditional voluntary dismissal pursuant to FRCP 41(a)(2).[3]

The district court grants a 41(a)(2) dismissal only in its discretion, and the "authority to attach conditions to the order of dismissal 'prevents defendants from being unfairly affected' thereby." Yoffe v. Keller Ind., Inc., 580 F.2d 126, 129 (5th Cir. 1978) (citing LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 604 (5th Cir. 1976).[4]

---

[3]FRCP 41(a)(2) provides, in part:
  "Except as otherwise provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. . . . Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

[4]In Bonner v. Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on 30 September 1981.

In general, a party cannot appeal from an order granting a Rule 41(a)(2) dismissal. LeCompte, 528 F.2d at 603. Although a dismissal without prejudice can qualify as a final judgment, a plaintiff "cannot appeal therefrom, since it does not qualify as an involuntary adverse judgment so far as the plaintiff is concerned." Id. "This can be easily understood since the plaintiff has acquired that which he sought, the dismissal of his action and the right to bring a later suit on the same cause of action, without adjudication of the merits." Id. (citing Maryland Cas. Co. v. Latham, 41 F.2d 312, 313 (5th Cir. 1930)).

"[T]he appealability of an order depends upon its effect rather than its language." LeCompte, 528 F.2d at 603 (citations and quotations omitted). Therefore, we must decide whether conditioning a voluntary dismissal without prejudice on payment of attorney's fees and costs creates sufficient legal prejudice to satisfy our adversity requirements for a direct appeal when no motion to withdraw the dismissal was made in the district court.

The old Fifth Circuit, in LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 603 (1976), departed from the general no-appeal rule by concluding that what was nominally a voluntary dismissal without prejudice was effectively a dismissal with prejudice for purposes of appeal given the nature of the conditions assessed by the district court. Id. The conditions in LeCompte, however, did not involve payment

of attorney's fees and costs. The conditions in <u>LeCompte</u> involved a limitation on where and how a subsequent suit could be brought: conditions that would arguably bar a later refiled action unless the conditions were met and, thus, conditions that would not leave the plaintiff in the refiled suit nearly in the same position as if the first suit -- the one voluntarily dismissed -- had never been filed.[5] <u>Id.</u> at 603-04. The <u>LeCompte</u> court stated:

> In one sense, any requirement imposed upon a plaintiff as a condition for allowing him a voluntary dismissal amounts to some degree of prejudice to his action, as a practical matter. Our research indicates, however, that generally the conditions imposed do not create prejudice in a legal sense to the bringing of another suit. Rather, the usual conditions attached to a voluntary dismissal involve prejudice only in a practical sense (e.g., paying costs or expenses, producing documents, producing witnesses). The imposition of this type condition does not amount to the type of "legal prejudice" which would entitle a plaintiff to appeal the grant of the dismissal he obtains.

<u>Id.</u> at 603. The Ninth Circuit, in <u>Unioil, Inc. v. E. F. Hutton & Co., Inc.</u>, 809 F.2d 548 (9th Cir. 1986), addressed whether a party, having failed timely to seek to withdraw their motion for voluntary dismissal, could then appeal from the voluntary dismissal based on its having been conditioned upon attorney's fees and costs. <u>Id.</u> at 554-56. That court concluded that "a condition of costs and attorney's

---

[5]The Fifth Circuit described the conditions placed on the 41(a)(2) dismissal in <u>LeCompte</u>, 528 F.2d at 602, this way: "The trial court granted the motion but appended several conditions to the dismissal at the behest of the defendants: (1) that any subsequent suit must be filed in the same court; (2) that plaintiff must show extraordinary circumstances to justify reopening the case; and (3) that plaintiff must make an affirmative demonstration to the court's satisfaction that a valid cause of action can be maintained against defendants."

fees does not involve legal prejudice and therefore does not render a conditional voluntary dismissal adverse and appealable."[6] Id. at 557.

There being only an assessment of attorney's fees and costs as the condition to this voluntary dismissal, we see no legal prejudice from the dismissal; thus we, in this case, have no jurisdiction for a direct appeal of the conditions.

We stress that in this case plaintiffs never sought in the district court to withdraw the voluntary dismissal. This circumstance could make a difference. In the past, we have reviewed on direct appeal whether a district court abused its discretion by denying a plaintiff's request to withdraw a voluntary dismissal. In McGregor v. Bd. of Comm'rs of Palm Beach County, 956 F.2d 1017 (11th Cir. 1992), the plaintiff requested a voluntary dismissal without prejudice. Id. at 1018-19. The McGregor district court granted the dismissal, but reserved the question of

---

[6]We do recognize that in Yoffe v. Keller Industries, 580 F.2d 126 (5th Cir. 1978), the old Fifth Circuit addressed whether a plaintiff -- who obtained a voluntary dismissal -- can appeal from the assessment of attorney's fees and costs as a 41(a)(2) condition. Id. at 129. In Yoffe, the plaintiff never sought to withdraw the voluntary dismissal; but that fact was not material to the decision. The Yoffe court decided that conditioning a voluntary dismissal on payment of fees and costs, $44,000 in that case, did not constitute legal prejudice sufficient to meet the adversity requirements for an appeal. Id. at 131. The Yoffe court, went on to elaborate that, in their view, some kind of assessment of attorney's fees and costs as a 41(a)(2) condition might actually arise to "appealable 'legal prejudice' or to warrant review through a prerogative writ." Id. (emphasis added). Any language in Yoffe endorsing the view that an assessment of attorney's fees and costs as a 41(a)(2) condition might amount to legal prejudice to support a direct appeal can only be considered as dicta and is not binding on us.

We do not, by the way, see the amount of fees and costs assessed in the case now before us as clearly unreasonable. Nor do we discuss or decide or foreclose the possibility of some kind of review of arguably unreasonable conditions that do not cause legal prejudice -- in the preclusive sense -- if a party seeks review by a writ.

8

fees and costs. Id. at 1019. Later the McGregor district court decided to assess a certain amount of fees and costs on the plaintiff. Id. The plaintiff, after learning the specific amount of fees and costs the district court had assessed, then unsuccessfully sought -- in the district court -- to withdraw the voluntary dismissal. Id.

In assessing our jurisdiction in the McGregor case, we looked to the Ninth Circuit's Unioil case -- as persuasive authority -- where that court set out the general rule that an appeal cannot follow from an order granting a voluntary dismissal of an action in a case where no timely motion to withdraw had been asserted. Unioil, Inc. v. E. F. Hutton & Co., Inc., 809 F.2d 548, 554-56 (9th Cir. 1987).

But this Court in McGregor pointed out that, unlike Unioil, there had been in McGregor a motion in the district court to withdraw the voluntary dismissal and that a denial of the motion to withdraw was something from which the plaintiff could appeal. McGregor, 956 F.2d at 1021. The motion to withdraw the voluntary dismissal was a material fact for the McGregor decision on appealability. Our authority to review in McGregor was thus distinguished from our usual lack of authority to review a plaintiff's appeal simply seeking direct appellate review of an

order dismissing an action pursuant to a plaintiff's voluntary dismissal motion under Rule 41(a)(2).[7]

In this case, never at any point after the district court, in March 2001, granted the Ortegas' request to dismiss voluntarily did the Ortegas seek to withdraw their request for a dismissal. The Ortegas knew that some substantial amount of fees and costs would be owed after the district court's order in July 2001.[8] Yet the Ortegas chose to proceed with disputing what amount should constitute an appropriate 41(a)(2) condition rather than to seek to withdraw.

At the very least, the Ortegas might have moved to withdraw the voluntary dismissal after learning the exact amount owed: the amount eventually determined in the November 2002 order. If the district court then denied that motion, a review of whether the nature of the conditions was so onerous that the district court would

---

[7]In McGregor, we also reviewed whether or not the district court abused its discretion when it granted some attorney's fees and costs pursuant to Rule 11 and 42 U.S.C. § 1988. McGregor, 956 F.2d at 1022. In this case, we have no legal basis for the fees and costs award except Rule 41(a)(2). McGregor does not hold that a fee award pursuant to Rule 41(a)(2) creates legal prejudice to permit a direct appeal of such awards.

[8]In June 2001 before the district court, the Ortegas even expressed some interest in exercising their option to withdraw the motion for voluntary dismissal given the likelihood that they would owe a significant amount of fees and costs. (R-304 at 10 n.16). The district court responded: "In consideration that the potential award in this case may be so high as to be prohibitedly prejudicial, this Court may allow the Plaintiffs to withdraw the voluntary motion to dismiss and allow this case to proceed to trial, under certain restrictions." (R-304 at 10). The Ortegas clearly knew of their option to withdraw but never asked to withdraw the dismissal.

10

have abused its discretion by not letting the plaintiffs withdraw their voluntary dismissal request might have been a possibility.

The conditions placed on the voluntary dismissal in this case do not amount to legal prejudice (that is, severely limit the filing of a new lawsuit). In addition, the Ortegas in district court never sought to withdraw the voluntary dismissal. Either legal prejudice or a motion to withdraw the dismissal might support a direct appeal. Given that neither of these circumstances was present in this case, the voluntary dismissal without prejudice was not adverse to the Ortegas; and the assessment of costs and fees was not appealable.

DISMISSED.