# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 1, 2008

Charles R. Fulbruge III
Clerk

No. 07-40640
Summary Calendar

ANTHONY J. BALISTRERI,

Plaintiff–Appellant,

v.

METROPOLITAN LIFE INSURANCE COMPANY,

Defendant–Appellee.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:06-CV-129

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiff Anthony Balistreri appeals from the district court's order granting his motion for a voluntary dismissal without prejudice under Fed. R. Civ. P. 41(a)(2) and requiring him to pay defendant's and his costs. We hold that, under a limited review to determine whether Balistreri suffered "legal prejudice," the order does not constitute legal prejudice and therefore dismiss the appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I

Balistreri sued the Metropolitan Life Insurance Company (MetLife) in Texas state court. MetLife removed to federal court based on diversity jurisdiction. Approximately fifteen months later, Balistreri moved for voluntary dismissal without prejudice. The United States Magistrate Judge recommended the dismissal conditioned on Balistreri's payment of his and MetLife's court costs. The district court adopted the magistrate's recommendations and entered final judgment dismissing the suit without prejudice and ordering Balistreri to pay $672.12, representing both parties' costs. Balistreri did not attempt to reinstate his claims rather than comply with the condition. He timely filed this appeal challenging the district court's order.

II

Rule 41(a)(2) provides district courts with the discretion to grant a plaintiff's motion for voluntary dismissal, which allows the plaintiff "to withdraw his action from the court without prejudice to future litigation."[1] The rule also grants to district courts the discretion to attach conditions tailored to prevent unfair prejudice to a defendant.[2]

While the grant of a plaintiff's dismissal without prejudice is a final judgment for purposes of appeal, a plaintiff is generally foreclosed from appealing the dismissal because it is not an involuntary adverse judgment for the plaintiff.[3] In other words, a plaintiff received what he wanted and is left "as if he had never brought the first suit."[4] However, if the conditions of the dismissal involve "legal prejudice," the plaintiff may appeal the district court's

---

[1] Yoffee v. Keller Indus., Inc., 580 F.2d 126, 129 (5th Cir. 1978) (quotation marks omitted).

[2] Id.

[3] Id.

[4] Id. (citations omitted).

grant of the plaintiff's own motion.[5] We have previously noted that most dismissals are conditioned on the plaintiff's payment of costs and attorneys' fees.[6] Generally, conditions requiring the payment of money do not involve legal prejudice, which occurs when the "plaintiff is severely circumscribed in his freedom to bring a later suit."[7]

In this case, the district court conditioned Balistreri's voluntary dismissal on his payment of $672.12, representing both parties' costs. That condition does not circumscribe his freedom to bring a later suit. While we have noted in dicta that a hypothetical case involving an exorbitant sum might constitute legal prejudice,[8] this court and other circuits have dismissed appeals contesting far larger sums of money than that at issue here.[9] Since the award of costs does not constitute legal prejudice, Balistreri cannot appeal the order and we must dismiss his appeal.[10] Moreover, because Balistreri cannot appeal from this order, we do not address his arguments regarding alleged errors occurring before the voluntary motion to dismiss.

---

[5] Id. at 130 (noting that whether plaintiff may appeal its own voluntary dismissal without prejudice is determined under a bipartite analysis: first, was the plaintiff legally prejudiced, and, second, did the plaintiff acquiesce to those conditions).

[6] Id. at 129.

[7] LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 604 (5th Cir. 1976).

[8] Yoffee, 580 F.2d at 131 ("We do not intend to draw the distinction between appealable and nonappealable Rule 41(a)(2) conditions on a strict line between 'mere' requirements to pay money and other requirements that have res judicata consequences. There will be cases in which the amount of money set as the price of a voluntary dismissal without prejudice is so clearly unreasonable as to amount to appealable 'legal prejudice' . . . .").

[9] Id. (holding that $44,523.20 fee award did not constitute legal prejudice); see also Mortgage Guar. Ins. Corp. v. Richard Carlyon Co., 904 F.2d 298, 300-01 (5th Cir. 1990) (rejecting as unreasonable in light of Yoffee argument that $7,300.25 fee award constitutes legal prejudice); Unioil, Inc. v. E.F. Hutton & Co., Inc., 809 F.2d 548 (9th Cir. 1986) (holding that $165,000 fee award did not constitute legal prejudice), abrogated on other grounds by Townsend v. Holman Consulting Corp., 929 F.2d 1358 (9th Cir. 1990) (en banc).

[10] Yoffee, 580 F.2d at 131.

\*          \*          \*

APPEAL DISMISSED.