IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 14-20314
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

November 3, 2014

Lyle W. Cayce
Clerk

TONY CHENG,

     Plaintiff - Appellant

v.

SCHLUMBERGER,

     Defendant - Appellee

_____

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-3229

_____

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

     Tony Cheng appeals from the dismissal without prejudice of his Title VII claims against Defendant Schlumberger, his former employer. During the pre-discovery proceedings, Cheng agreed to voluntarily dismiss his claims, and the district court thereafter entered an order dismissing his claims without

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prejudice.  For the reasons that follow, we conclude that we lack appellate jurisdiction and DISMISS the appeal.

On June 10, 2013, Cheng commenced an employment discrimination action against Schlumberger in the United States District Court for the Northern District of California.  Schlumberger filed a motion to dismiss pursuant to FED R. CIV. P. 12(b)(6) but, because of a request from Cheng to transfer the case to Texas, the Northern District of California denied the motion to dismiss without prejudice, and transferred the matter to the Southern District of Texas.

On April 28, 2014, the magistrate judge in the Southern District of Texas conducted a telephonic scheduling conference with Cheng (who is proceeding pro se) and counsel for Schlumberger.  During that conference, the magistrate judge informed Cheng that he would have to pay for any discovery that he chose to conduct.  When Cheng stated that he would be unable to pay for these costs, the magistrate judge gave Cheng the option to dismiss the case.  In response, Cheng stated, "Let's do that.  I move Motion for Dismissal [*sic*] immediately."  The judge asked Cheng twice if he was sure that he wanted to dismiss the case, and clearly informed Cheng that by voluntarily dismissing his case, he would be unable to refile or appeal it.  Cheng confirmed his understanding of the dismissal by stating, "Then if you'll grant it, please dismiss [the case]."  The district court judge, on recommendation from the magistrate judge, issued a final judgment on May 12, 2014, dismissing the case without prejudice pursuant to Federal Rule of Civil Procedure 41(a).  *See* FED. R. CIV. P. 41(a)(2).  ("[A]n action may be dismissed at the plaintiff's request only by court order. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.").  Cheng now appeals this voluntary dismissal of his claims.

No. 14-20314

"A rule 41(a)(2) dismissal is ordinarily not appealable." *Briseno v. Ashcroft*, 291 F.3d 377, 379 (5th Cir. 2002). "Where the trial court allows the plaintiff to dismiss his action without prejudice, the judgment . . . qualifies as a final judgment for purposes of appeal. Ordinarily, though, *plaintiff* cannot appeal therefrom, since it does not qualify as an involuntary adverse judgment so far as the *plaintiff* is concerned." *LeCompte v. Mr. Chip*, 528 F.2d 601, 602 (5th Cir. 1976) (emphasis added). There is an exception to this rule in situations where the district court imposes restrictions upon the plaintiff such that the plaintiff is "severely circumscribed in his freedom to bring a later suit." *Id.* at 604. In *LeCompte*, the district court "dismissed without prejudice," but imposed requirements that "1) any subsequent suit must be filed in the same court; 2) that plaintiff must show extraordinary circumstances to justify reopening the case; and 3) that plaintiff must make an affirmative demonstration to the court's satisfaction that a valid cause of action can be maintained against defendants." *Id.* at 602. Here, the district court imposed no additional conditions upon Cheng in granting the voluntary dismissal without prejudice.[1] As such, the dismissal was purely voluntary, and the appeal must be dismissed for lack of jurisdiction. *Briseno,* 291 F.3d at 379.

For the foregoing reasons, the appeal is DISMISSED for lack of appellate jurisdiction.

---

[1] Despite mentioning Cheng's inability to refile in the telephonic conference, the district court's final order dismissing the case did not mention this condition, nor did the district court's order restrict Cheng's ability to refile the claim in any way.