**NOT RECOMMENDED FOR PUBLICATION**
File Name: 20a0513n.06

**No. 19-6383**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| PAMELA BURNS, et al., | ) | **FILED**<br>Sep 02, 2020<br>DEBORAH S. HUNT, Clerk |
| | ) | |
| Plaintiffs-Appellees, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| TAURUS INTERNATIONAL | ) | |
| MANUFACTURING, INC., et al. | ) | OPINION |
| | ) | |
| Defendants-Appellants. | | |

BEFORE: BATCHELDER, BUSH, and LARSEN, Circuit Judges.

**JOHN K. BUSH, Circuit Judge.** Plaintiffs filed this lawsuit against Defendants Taurus International Manufacturing, Inc. and Taurus Holdings, Inc. on January 25, 2019. They claimed that a faulty safety device on a pistol designed by Defendants caused the pistol to discharge and strike Paula Smith in the head, killing her. Whether Plaintiffs' claims were barred by Tennessee's ten-year statute of repose quickly became the central issue in the case. Defendants gathered evidence showing that the pistol was purchased on December 24, 2008, a fact that would place Plaintiffs' claims outside the ten-year window. Upon learning of this evidence, Plaintiffs filed a motion to voluntarily dismiss without prejudice under Rule 41(a)(2) of the Federal Rules of Civil Procedure. They were apparently hoping to file again in Florida and try to avail themselves of Florida's more plaintiff-friendly twelve-year statute of repose. Defendants opposed Plaintiffs' motion and filed their own motion for summary judgment, claiming that Tennessee, not Florida

law, applied, and they would suffer plain legal prejudice if the court allowed Plaintiffs to refile in Florida.

The district court granted Plaintiffs' motion to voluntarily dismiss without prejudice and denied Defendants' motion for summary judgment. Central to the court's decision was its finding that Florida had a more significant relationship to this case than did Tennessee, and thus, that Florida's statute of repose applies to Plaintiffs' claims. For the reasons discussed below, the district court erred in finding that Florida law applies. We therefore **REVERSE** the district court's denial of Defendants' motion for summary judgment and its grant of Plaintiffs' motion for voluntary dismissal.

## I.

Paula Smith and Plaintiff Delondre Harris were engaged in intimate activity on Smith's bed in Fayette County, Tennessee, when Harris removed a pistol from his person and placed it on top of the foot of the bed. At some point, the pistol was bumped off the bed. Upon hitting the floor, the pistol allegedly discharged and a bullet struck Smith in the head, killing her. Plaintiffs claim that the pistol's safety devices failed.

Plaintiffs filed this products liability lawsuit on January 25, 2019 in the Western District of Tennessee.[1] They alleged that Defendants designed, inspected, tested, developed, manufactured, marketed, advertised, distributed, and sold the pistol that caused Smith's death.

The application of Tennessee's ten-year statute of repose for product liability claims quickly became the focus of the case. *See* T.C.A. § 29-28-103(a). Tennessee's statute of repose states in relevant part:

---

[1] Pamela Burns brought this action as the surviving parent of Smith and as a representative of the heirs, minor children, and Estate of Paula Smith. Plaintiff Delondre Harris sued individually and as the father of a minor child that he fathered with Smith. Burns, Harris, and Smith's children all reside in Tennessee.

> Any action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition must be brought . . . within ten (10) years from the date on which the product was first purchased for use or consumption . . . .

T.C.A. § 29-28-103(a).

The facts pertinent to the application of the statute of repose date back to December 24, 2008, when Michael Alexander purchased the pistol from Guns & Ammo in Memphis. Plaintiff Harris in turn purchased that pistol from Mr. Alexander, his father, on December 31, 2017.

The dates of the purchases were obtained by Ronnie Faulkner, the Special Agent for the Tennessee Bureau of Investigation (TBI) who investigated Smith's death. He submitted to the Bureau of Alcohol, Tobacco and Firearms (ATF) a request for the ownership history of the pistol involved. Federal firearms licensees generate and maintain records of every firearms transaction occurring within at least the last twenty years. *See* 27 C.F.R. §§ 478.124; 478.129(b). The resulting Firearms Trace Summary for the pistol showed the purchase dates. Because the TBI report showed that the first purchase of the pistol occurred in December 2008, and this lawsuit was filed on January 25, 2019, the case purportedly did not fall within Tennessee's ten-year state of repose.

Plaintiffs first saw the TBI report in April 2019, and in June 2019, they filed a motion to voluntarily dismiss without prejudice. Plaintiffs argued that the case should be governed by Florida's twelve-year statute of repose for product liability claims. Florida's statute of repose states in relevant part:

> Under no circumstances may a claimant commence an action for products liability, including a wrongful death action or any other claim arising from personal injury or property damage caused by a product . . . if the harm was caused by exposure to or use of the product more than 12 years after delivery of the product to its first purchaser or lessee who was not engaged in the business of selling or leasing the product or of using the product as a component in the manufacture of another product.

Fla. Stat. Ann. § 95.031(b). Seeking to avail themselves of the Florida law, Plaintiffs stated a desire to refile their case in the Florida courts. Defendants then filed a motion for summary judgment, arguing that Tennessee law applied, and that Tennessee's statute of repose barred Plaintiffs' claims.

The district court denied Defendants' motion for summary judgment and granted Plaintiffs' motion to voluntarily dismiss without prejudice. Applying Tennessee's choice-of-law rules, the court held that Florida law applied, and thus that the applicable statute of repose is twelve years. The court further concluded that voluntary dismissal was warranted because Defendants had not expended significant effort and expense in preparation for trial, there was no evidence that Plaintiffs engaged in excessive delay in prosecuting the action, and Plaintiffs' desire to litigate in Florida—where there were already several pending lawsuits against Defendants—was a sufficient explanation for the need to take dismissal. Defendants filed a timely appeal.

## II.

On appeal, Defendants argue that the district court erred in concluding that Florida law applies to this case. Defendants further argue that because the Tennessee ten-year statute of repose bars Plaintiffs' claims, granting a voluntary dismissal would cause them plain legal prejudice. Plaintiffs argue that a dismissal without prejudice is a non-appealable order, and even if it were not, the district court did not err in concluding that Florida's twelve-year statute of repose governs this case. We will first address the threshold jurisdictional question, then we will address the choice-of-law issue.

A.      The district court's Rule 41(a)(2) dismissal without prejudice is an appealable order

Plaintiffs cite several cases holding that voluntary dismissals without prejudice are not appealable. *See Versa Prod., Inc. v. Home Depot, USA, Inc.*, 387 F.3d 1325, 1327 (11th Cir. 2004);

*Ortega Trujillo v. Banco Cent. Del Ecuador*, 379 F.3d 1298, 1301 (11th Cir. 2004); *United States v. Nelson*, 714 F. App'x 263, 264 (4th Cir. 2018); *Craig v. Schlumberger*, 583 F. App'x 422, 423 (5th Cir. 2014); *Bechuck v. Home Depot U.S.A.*, 814 F.3d 287, 295 (5th Cir. 2016).

But these cases all hold that a *plaintiff* cannot appeal a voluntary dismissal; Plaintiffs cite no cases holding that a *defendant* cannot appeal a voluntary dismissal that it opposed before the trial court. We and our sister circuits have routinely exercised jurisdiction when a defendant challenged a voluntary dismissal below, then appealed the adverse ruling. *See Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716 (6th Cir. 1994); *Banque de Depots v. Nat'l Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974); *see also Ikospentakis v. Thalassic S.S. Agency*, 915 F.2d 176 (5th Cir. 1990); *Kovalic v. DEC Intern., Inc.*, 855 F.2d 471 (7th Cir. 1988). We have jurisdiction to hear this appeal.

B.      Tennessee's ten-year statute of repose applies to Plaintiffs' claims

We review *de novo* a district court's choice-of-law determination. *Power-Tek Sols. Servs., LLC v. Techlink, Inc.*, 403 F.3d 353, 357 (6th Cir. 2005).

Because this is a diversity action, the law of the forum state, including the forum state's choice-of-law rules, apply. *Id.* Tennessee follows the Restatement (Second) of Conflict of Laws for choice-of-law determinations in tort cases. *Hataway v. McKinley*, 830 S.W.2d 53, 59 (Tenn. 1992). Under this approach, we first determine whether there is a conflict between the laws of two or more states. *Id.* at 55. If so, then we must presumptively apply the "law of the state where the injury occurred . . . unless, with respect to the particular issue, some other state has a more significant relationship . . . to the occurrence and the parties." *Id.* at 57 (alterations in original) (quoting Restatement (Second) of Conflict of Laws §§ 146; 175 (Am. Law Inst. 1977)). In

determining which state has the most significant relationship, §§ 146 and 175 of the Restatement instruct us to consider the following principles from § 6:

    a)   the needs of the interstate and international systems,

    b)   the relevant policies of the forum, the relevant policies of other interested states, and the relative interests of those states in the determination of the particular issue,

    c)   the protection of justified expectations,

    d)   the basic policies underlying the particular field of law,

    e)   certainty, predictability and uniformity of result, and

    f)   ease in the determination and application of the law to be applied.

*Id.* at 59 n.3 (quoting Restatement (Second) of Conflict of Laws § 6). The Restatement further instructs that the contacts listed in § 145 of the Restatement "are to be taken into account in applying the principles of § 6." The contacts listed in § 145 include: "(1) the place where the injury occurred, (2) the place where the conduct causing the injury occurred, (3) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (4) the place where the relationship, if any, between the parties is centered." *Montgomery v. Wyeth*, 580 F.3d 455, 459–60 (6th Cir. 2009) (citing *Hataway*, 830 S.W.2d at 59).

A conflict exists in this case because Tennessee has a ten-year statute of repose and Florida a twelve-year. *See Hataway*, 830 S.W.2d at 55. We thus must analyze, using the principles listed in § 6 and the contacts listed in § 145 of the Restatement, whether Florida has a more significant relationship to the occurrence and the parties than Tennessee.

    a)     The needs of the interstate and international systems

This principle encourages choice-of-law rules to "seek to further harmonious relations between states and to facilitate commercial intercourse between them." Restatement (Second) of Conflict of Laws § 6 cmt. d. The district court concluded, "Application of this factor to the case does not point in any particular direction." (R. 54 at PageID 757–58). Neither party disputes this conclusion, and neither do we.

b)      The policies and interests of Tennessee and Florida

In applying this principle, we will "take[] into account" the contacts listed in § 145. Restatement (Second) of Conflict of Laws § 145.  Upon consideration of this principle and the § 145 contacts, it is clear that Tennessee has a greater interest than Florida in the issues raised in this dispute.  The first two contacts listed in § 145 point towards applying Tennessee law, because the injury occurred in Tennessee, and the conduct causing the injury—the inadvertent discharge of the gun—occurred in Tennessee.  The third § 145 contact is neutral, or it may even weigh slightly in favor of applying Tennessee law.  Plaintiffs all reside in Tennessee, the children who would benefit from the lawsuit reside in Tennessee, and Smith was a resident of Tennessee.  But Defendants are Florida corporations with their principal places of business in Miami.  The fourth § 145 contact also weighs slightly in favor of applying Tennessee law.  Defendants sold the pistol to Sports South, a firearms distributor located in Louisiana.  Sports South then sold the pistol to Guns & Ammo, a firearms retailer located in Tennessee.  Plaintiff Harris's father purchased the pistol from Guns & Ammo in Tennessee, and then he sold the pistol to Harris in Tennessee.  Thus, to the extent the parties have a relationship, that relationship has most of its roots in Tennessee, where the pistol was first purchased at retail and came into Plaintiff Harris's possession.

Because each of the § 145 contacts either weighs in favor of applying Tennessee law or is neutral, the district court erred in finding that "the contacts Plaintiffs and Defendants have with Tennessee and Florida do not clearly favor either party."  (R. 54 at PageID 746).  In making that determination, the district court placed too much weight on the Defendants' residence in Florida. The "'default' rule" is that courts will apply the law of the state where the injury occurred "when each state has an almost equal relationship to the litigation."  *Hataway*, 830 S.W.2d at 59. Tennessee courts have made clear that one party's residence in another state cannot overcome

*Hataway*'s default rule. *See In re Bridgestone/Firestone*, 138 S.W.3d 202, 208 (Tenn. Ct. App. 2003) (applying the law of the state where the injury occurred even though the defendants resided in a different state); *Wayland v. Peters*, No. 03A01-9705-CV-00172, 1997 WL 776338, at *2 (Tenn. Ct. App. Dec. 17, 1997) ("The parties' domicile or residence will 'usually carry little weight of itself' . . . unless all of the parties reside in a single state." (quoting Restatement (Second) of Conflict of Laws § 145(2) cmt. e)). This court has also rejected the argument that a defendant's residence in another state can overcome *Hataway*'s default rule. *See Wahl v. Gen. Elec., Co.*, 786 F.3d 491, 500 (6th Cir. 2015) (applying the law of the state where the injury occurred because "[o]ther than the fact that GE's medical division operated in and was headquartered in New Jersey . . . every § 145 factor points toward Tennessee.").

      c)      The protection of justified expectations

The district court correctly found that this principle "has little relevance here because there is no evidence that Defendants, when importing firearms from Brazil into Florida and subsequently distributing them into the marketplace, justifiably expected certain law to apply. Similarly, there is no evidence that Plaintiffs justifiably expected a certain state's law to apply." (R. 54 at PageID 758). In such circumstances this principle "can play no part" in this court's decision of the choice-of-law question. Restatement (Second) of Conflict of Laws § 6 cmt. g.

      d)      The basic policies underlying the particular field of law

The district court found that "the two general policies behind tort law, including products liability law, [are] (1) deterrence of other wrongdoers and (2) compensation of the injured person." (R. 54 at PageID 748–49) (citing Restatement (Second) of Conflict of Laws § 145 cmt. b). Applying Florida law, the district court found, would promote these policies because the Florida statute of repose would not bar Plaintiffs' claims, and that could have the effect of deterring other

8

wrongdoers.  (*Id.* at PageID 749).  Applying Tennessee law, on the other hand, would not promote these policies because Tennessee's statute of repose would bar Plaintiffs' claims.  (*Id.*).

This finding was error.  We have held that it is a "flaw" when making a choice-of-law determination to "focus[] on the outcome of applying Tennessee's statute of repose rather than on the significance of Tennessee's relationship to the parties and the place of injury as required by *Hataway*."  *Montgomery*, 580 F.3d at 462.  That is because "Tennessee's choice-of-law analysis does not turn on whether a plaintiff has a viable claim in one state but not another."  *Id.*  *Montgomery*'s holding is consistent with the Restatement.  *See* Restatement (Second) of Conflict of Laws § 145 cmt. c ("A rule which exempts the actor from liability for harmful conduct is entitled to the same consideration in the choice of law process as is a rule which imposes liability.").  It is also consistent with decisions from the Tennessee court of appeals.  *See, e.g.*, *Smith v. Priority Transp., Inc.*, No. 02A01-9203-CV-00074, 1993 WL 29021, at *3–4 (Tenn. Ct. App. Feb. 9, 1993) (holding that Mississippi law applied to a Mississippi resident's claim for retaliatory discharge from his job in Mississippi for filing a worker's compensation claim even though Mississippi did not recognize such a claim and Tennessee did).  In focusing on the outcome of applying Florida law to determine whether Florida had significant contacts with the case, the district court erred.  This principle is at most neutral.

e)      Certainty, predictability and uniformity of result

"Predictability and uniformity of result are of particular importance in areas where the parties are likely to give advance thought to the legal consequences of their transactions."  Restatement (Second) of Conflict of Laws § 6 cmt. i.  As the district court found, neither Defendants nor Plaintiffs provided any evidence that they were likely to expect either Florida or Tennessee law to apply before the allegedly tortious conduct occurred.  On appeal, the parties

provide no reason why applying either Florida or Tennessee law would promote certainty, predictability, or uniformity. This principle is neutral.

The district court determined that "uniformity of result is achieved if Florida law is applied in this case," because "there are many cases in the Florida courts involving Defendants and the various other entities in Defendants' web of businesses," and "[i]n those cases, Florida law is being applied." (R. 54 at PageID 758).

This finding was erroneous. Just because Florida state courts are applying Florida law in some cases against Defendants does not mean that we should also apply Florida law in this case. Moreover, the Florida cases cited by the district court arose in the *forum non conveniens* context, not the choice-of-law context.

> f)     Ease in the determination and application of the law to be applied

As the district court correctly noted, it "can easily apply Florida law just as it could easily apply Tennessee law." (R. 54 at PageID 758). This principle is neutral.

Because our analysis of the principles and contacts listed in §§ 6 and 145 of the Restatement shows that Tennessee has a more significant relationship to this case than Florida, the district court should have adhered to *Hataway*'s default rule and applied Tennessee's statute of repose to this case. *See Wahl*, 786 F.3d at 500.

C.     The district court erred in granting Plaintiffs' motion to voluntarily dismiss and denying Defendants' motion for summary judgment

We review the grant of a motion to voluntarily dismiss without prejudice for abuse of discretion. *Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc.*, 583 F.3d 948, 953 (6th Cir. 2009). "It is an abuse of discretion for the district court to rely on erroneous findings of fact, apply the wrong legal standard, misapply the correct legal standard, or make a clear error in judgment." *Id.* (citing *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006)). In

the voluntary dismissal context, "an abuse of discretion is [generally] found only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Grover*, 33 F.3d at 718 (quoting *Cone v. W. Va. Pulp & Paper Co.*, 330 U.S. 212, 217 (1947)). We have held that plain legal prejudice results when the district court permits voluntary dismissal "[a]t the point when the law clearly dictates a result for the defendant." *Id.* at 719.

Allowing plaintiffs to voluntarily dismiss their case would cause Defendants plain legal prejudice, because Tennessee law applies and Tennessee's ten-year statute of repose clearly dictates a result in Defendants' favor. *See Grover*, 33 F.3d at 718–19. The district court thus erred in dismissing the case without prejudice.[2] For the same reason, the district court erred in denying Defendants' motion for summary judgment.

We thus **REVERSE** the district court's denial of Defendants' motion for summary judgment and its grant of Plaintiffs' motion for voluntary dismissal.

---

[2] Plaintiffs mention in passing that they objected to the authenticity and admissibility of the ATF Firearm Trace Summary showing the original purchase date of the firearm. In so mentioning, they may be suggesting that there is a genuine issue of material fact as to the retail sale date. This, in turn, would mean that even if Tennessee law applies, Tennessee's statute of repose would not necessarily bar Plaintiffs' claims, and Defendants would suffer no legal prejudice from a voluntary dismissal. But Plaintiffs only mention this issue in their "Statement of the Facts" section; they do not even bring it up in their "Argument" section. Because Plaintiffs failed to develop their argument, they forfeited it. *See McPherson v. Kelsey*, 125 F.3d 989, 995 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed [forfeited]." (first alteration in original) (quoting *Citizens Awareness Network, Inc. v. United States Nuclear Regulatory Comm'n*, 59 F.3d 284, 293–94 (1st Cir.1995))). In any event, "evidence considered at the summary judgment stage need not be 'in a form that would be admissible at trial,' as long as the evidence could ultimately be presented in an admissible form." *Lossia v. Flagstar Bancorp, Inc.*, 895 F.3d 423, 430 (6th Cir. 2018) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). And Plaintiffs did not rebut Defendants' evidence of the date of the firearm purchase with any evidence of their own. They have thus not created a genuine issue of material fact as to the retail sale date. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256–57 (1986).