[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-14173

Non-Argument Calendar

_____

KATIE ROMANO,

 Plaintiff-Appellant,

*versus*

TD BANK, N.A.,
a.k.a. TD Bank USA, N.A.,
TARGET ENTERPRISE, INC.,
RAS LAVAR LLC,
a.k.a. Robertson, Anschultz & Schneid, PL.,

 Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:23-cv-01293-RBD-EJK

_____

Before JORDAN, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

Upon our review of the record and the responses to the jurisdictional questions, this appeal is DISMISSED for lack of jurisdiction.

Katie Romano and her counsel, Paul Wersant, appeal from the district court's order sanctioning Wersant and directing Appellees' counsel to file notices regarding the amount of costs and fees incurred, as well as previous orders related to the sanctions proceedings. None of those orders determined the specific amount of sanctions for which Wersant is responsible. We thus lack jurisdiction to consider them. *See* 28 U.S.C. § 1291; *PlayNation Play Sys., Inc. v. Velex Corp.*, 939 F.3d 1205, 1212 (11th Cir. 2019). Further, the district court's January 8, 2024 order, which awarded a specific amount of monetary sanctions but was entered after the instant notice of appeal was filed, does not cure this premature appeal. *See Robinson v. Tanner*, 798 F.2d 1378, 1385 (11th Cir. 1986); *LaChance v. Duffy's Draft House, Inc.*, 146 F.3d 832, 836-37 (11th Cir. 1998).

Romano and Wersant also appeal from the district court's December 10, 2023 order dismissing Romano's action, without

23-14173          Opinion of the Court          3

prejudice, pursuant to her November 17, 2023 notice of voluntary dismissal. Wersant does not have standing to appeal that ruling because he is not a party to Romano's action. *See Marino v. Ortiz*, 484 U.S. 301, 304 (1988). And Romano lacks standing to challenge the dismissal order because it is not adverse to her, as it merely recognized the voluntary dismissal she sought by filing her notice. *See Versa Prods., Inc. v. Home Depot USA, Inc.*, 387 F.3d 1325, 1327 (11th Cir. 2004); *Ortega Trujillo v. Banco Cent. del Ecuador*, 379 F.3d 1298, 1301 (11th Cir. 2004).